**Guffey v. Kyriazis**

*Kevin P. Foley*, for plaintiffs.
*Edward S. Neyhard*, for defendants.

MINORA, *J.*, February 3, 2014—Before the court is defendant's petition for appeal of Special Trial Master (STM) for discovery, attorney Henry Burke's order dated July 23, 2012. In that order, STM Burke granted plaintiff's motion to strike defendant's objections to plaintiff's interrogatories regarding defendants' expert, Dr. Amir Fayyazi ("Dr. Fayyazi") and his medical group VSAS ("VSAS"). For the reasons that follow, defendant's petition for appeal of the STM's order is denied and dismissed.

## FACTUAL AND PROCEDURAL HISTORY

This case arises from a motor vehicle accident which occurred on November 5, 2007 at 2:35 a.m. The plaintiff William Guffey was driving and plaintiff, Joyce Guffey, was a passenger in their 2003 Ford Escape, stopped at a traffic light on the intersection of North Main Avenue and Wood Street in Scranton, Pennsylvania. At that time, defendant Steven Kyriazis, operating a vehicle jointly

owned by him and defendant Amy Marta, rear-ended the plaintiff's vehicle, pushing the vehicle into the intersection. Plaintiff's complaint alleges the defendant Kyriazis fled the scene of the accident to conceal his intoxication. Defendant Kyriazis allegedly advised defendant Amy Marta Kyriazis of what had happened and sent her back to the scene of the accident to "cover up" the fact that he, Kyriazis, was operating the vehicle.

Plaintiff's complaint also alleges that defendant Amy Marta negligently entrusted her vehicle to defendant Kyriazis, knowing that he was under the influence but allowing him to operate her vehicle nonetheless. Both plaintiffs suffered aggravations of pre-existing neck injuries as a result of the accident.

On November 21, 2008, defendant Kyriazis pled guilty to a DUI and admitted in his guilty plea colloquy that he was aware of and knew that plaintiffs were injured in the collision and fled the scene.

Defendants filed preliminary objections to plaintiff's complaint on May 15, 2009, which were sustained in part and denied in part.[1] Plaintiffs filed a certificate of readiness for jury trial on November 2, 2011. The certificate of readiness was subsequently stricken by order of this court on November 18, 2011.

On March 16, 2012, defendants filed a motion for

---

1. Defendants' preliminary objections alleged the criminal history of defendant Kyriazis had nothing to do with the incident before the court and should be stricken, and that there was no support for the allegation that defendant Marta arrived on the scene to "cover up" for Kyriazis. On June 4, 2009, paintiffs filed preliminary objections to defendant's preliminary objections. On March 16, 2010, judge Cheslock sustained defendants' objections to Kyriazis' criminal history and overruled the objections as to Marta's reasons for arriving on the scene. Defendants filed an answer and new matter to plaintiffs' complaint on April 16, 2010.

partial summary judgment.[2] On September 21, 2012, the court granted partial summary judgment in favor of the defendants, ruling that Amy Marta Kyriazis did not breach a negligent entrustment duty to plaintiff, and that there was not sufficient evidence to show that Steven Kyriazis was intoxicated at the time of the accident in question. On October 2, 2012, plaintiffs filed a motion to amend the order for purposes of taking an interlocutory appeal. Defendants filed a response to the motion November 1, 2012. The court denied the interlocutory appeal by order dated December 3, 2012 and the order was sustained by the Superior Court denying the appeal attempt dated December 6, 2012.

Not content to have fought over preliminary objections, a motion for partial summary judgment and an interlocutory appeal, the parties have now decided to focus their disputes on discovery issues.

On April 7, 2011, our STM issued a rule to show cause upon defendant Steven Kyriazis and his counsel Attorney Edward Neyhart why plaintiff's motion to compel and/or sanctions should not be granted.

On May 9, 2011, a second motion to compel brought by plaintiff seeking the Main Street address for defendant Steven Kyriazis was granted by the STM with the sought after address to be provided within twenty (20) days.

Pursuant to Pa.R.C.P. 4010, plaintiff submitted to a defense medical examination performed by Dr. Fayyazi on May 24, 2012. On May 25, 2012, plaintiff served defendant with interrogatories regarding financial information and past litigation experiences of Dr. Fayyazi and his medical

2. Plaintiffs filed a brief in opposition to the motion for partial summary judgment on May 25, 2012.

group VSAS.

On June 21, 2012, in anticipation of defendants' objection to the interrogatories, plaintiffs filed a brief in opposition to any objections to the interrogatories defendants may have had. On July 3, 2012, defense counsel provided the anticipated motion, asserting reasons why certain interrogatories were not compliant with Pa.R.C.P. 4005.

On July 23, 2012 our STM issued an order in favor of plaintiffs, overruling defendant's objections to plaintiff's interrogatories. This order required defendant to declare their expert to be used at trial and further required said declared expert Dr. Fayyazi to answer full, complete financial interrogatories concerning he and his medical Group VSAS, going back three (3) years no later than September 15, 2012. The order did not involve information about referrals from attorneys or others. Plaintiff has not received a copy of the defense medical examination report of Dr. Fayyazi to date.

Before discussing the merits of defendant's appeal of the July 23, 2012 order, we note that on August 29, 2013, STM Burke issued yet another order granting plaintiff's motion to overrule defendants' objection to plaintiff's subpoena directed to Maria M. Espinosa and Erie Insurance Company. Defendant thereafter filed an objection to the subpoena to Erie Insurance Company and a counter argument. On December 4, 2013, this honorable court overruled in part and sustained in part defendants' objections. *See* order, *Guffey v. Kyriazis*, 2308-CV-2009 (Minora, J.).

Defendant's appeal of the July 23, 2012 discovery order is an issue separate from the merits of plaintiff's personal

injury action. Therefore, the matter may be addressed without analyzing defendant's alleged negligence in the automobile accident. *See J.S. v. Whetzel*, 860 A.2d 1112 at paragraph 8 (Pa. Super. 2004). Our analysis of defendants' appeal of the July 23, 2012 order is set forth below.

## LEGAL ARGUMENT OF THE PARTIES

### I. Defendant's Argument

Defendants request that the STM Order of July 23, 2012 be overturned and that an argument be scheduled on this matter. Defendants' appeal of the July 23, 2012 discovery order was filed August 1, 2012. Defendants claim the order does not comply with the holding by the Pennsylvania Supreme Court which analyzes discovery as it relates to expert witnesses, *Cooper v. Schoffstall*, 588 Pa. 505, 905 A.2d 482 (2006). Defendants do not provide specific reasons for the alleged noncompliance.[3]

### II. Plaintiff's Argument

Plaintiffs request that this court strike defendants' objections to the order and compel defendants to answer the interrogatories regarding Dr. Fayyazi and VSAS. A brief in opposition to defendant's appeal of the order was filed October 1, 2013.

Plaintiffs' counsel argues the interrogatories must be answered because based upon counsel's past experience, Dr. Fayyazi is expected to render opinions inconsistent

---

3. When defendants filed their objections to the proposed interrogatories of plaintiff on July 3, 2012, prior to our STM having issued an order on the matter on July 23, 2012, defendants asserted specific reasons for the objections. Neither this reasoning nor other reasoning was provided by defendants in support the appeal presently before us. *See* defendant's brief in support of opposition to plaintiff's discovery motion (July 3, 2012); defendant's appeal of the July 23, 2012 discovery order (Aug 21, 2012).

with plaintiffs' treating physician's opinions regarding causation and or severity of plaintiffs' medical condition. *See* plaintiff's brief in opposition of defendant's appeal of the July 23, 2012 STM order, 2308-CV-2009 (Oct. 1, 2013); Supplemental exhibits offered in support of plaintiff's motion pertaining to compelling *Cooper* discovery (October 31, 2013). Plaintiffs additionally argue the appeal should be denied because the interrogatories are limited to income information the *Cooper* court ruled was "within the fair scope of relevance on the question of potential favoritism."

## LEGAL STANDARD

### Limitation of Scope of Discovery and Deposition

It is well settled that trial courts possess broad discretion in setting the perimeters of discovery. *See e.g., Ironworkers Saving and Loan Association. v. I.W.S., Inc.*, 622 A.2d 367 (Pa. Super. 1993); *Kerns v. Methodist Hospital*, 574 A.2d 1068 (Pa. Super. 1990). No discovery or deposition shall be permitted in Pennsylvania which (a) is sought in bad faith; (b) would cause unreasonable annoyance, embarrassment, oppression, burden or expense to the deponent or any person or party; (c) is beyond the scope of discovery as set forth in Rules 4003.1 through 4003.6 . . . (e) would require the making of an unreasonable investigation by the deponent or any party witness. Pa.R.C.P. 4011; *Berkeyheiser v. A-Plus Investigations, Inc.*, 936 A.2d 1117 (Pa. Super. 2007); *J.S. v. Whetzel*, 860 A.2d 1112 (Pa. Super. 2004). There is no definition of what constitutes unreasonable burden when considering a discovery request. The court must look at the circumstances of the action and materials sought. *See McCarey v. Kennedy Memorial Hosp.*, 1 D.C. 3rd 443, 447 (1977). The Superior Court has, however, held it is

trial court error to permit discovery requesting unfettered production of any and all forms containing information unrelated to case. *J.S.*, 860 A.2d 1112, *supra.*

Relevant Material is Discoverable

Subject to Rules 4003.2 to 4003.5 inclusive and Rule 4011, "a party may obtain discovery regarding any matter, not privileged, which is relevant to the subject matter involved in the pending action, whether it relates to the claim or defense of the party seeking discovery or to the claim or defense of any other party." Pa.R.C.P. 4003.1(a).

Information Appearing Reasonably Calculated to Lead to the Discovery of Admissible Evidence, is Also Discoverable

It is not ground for objection that the information sought will be inadmissible at trial if the information sought appears reasonably calculated to lead to the discovery of admissible evidence. Pa.R.C.P. 4003.1(b); *see e.g. PECO Energy Co. v. Insurance Co. of North America*, 852 A.2d 1230 (Pa. Super. 2004).

Discovery with Respect to Expert Witnesses

Rule 4003.5 limits discovery of an expert witness to information "acquired or developed in anticipation of litigation." *See J.S.*, 860 A.2d at 1119 (internal citations omitted).[4] Rule 4003.5 does not, however, limit discovery to the facts and opinions upon which the expert is expected to testify. *Id.* Pa.R.C.P. 4003.5(a)(2) clearly permits the

---

4. More specifically, the rule states, in pertinent part: A party is allowed to submit interrogatories to any other party, requiring the opposition to identify each of their expert witnesses as well as "to have each expert so identified state the substance of the facts and opinions to which the expert is expected to testify and a summary of the grounds for each opinion. Pa.R.C.P. 4003.5(a)(1).

court to allow additional discovery as the court deems appropriate, but only upon cause shown.[5] *See Wood v. Glenn O. Hawbaker, Inc.*, 2009 WL 6924317 (Pa. Com. Pl. Lycoming Co. Oct. 29, 2009) (citing *Cooper*, 588 Pa. 505, supra). "This field of inquiry . . . must be limited to questions relevant to a witness' credibility." *J.S.*, 860 A.2d at 1120, *supra* (internal citations omitted). "For example, such discovery might be warranted if there is a strong showing that the witness has been evasive or untruthful in the written discovery. *Cooper*, 588 Pa. at 526, 905 A.2d at 496 (internal citations omitted).

The Pennsylvania Supreme Court has stated that "a witness should be required to 'lift his visor so that the jury could see who he was, what he represented, and what interest, if any, he had in the results of the trial, so that the jury could appraise his credibility." *McKenna v. Montgomery*, 2005 WL 4717542 (Phila. Co. June 28, 2005) at Paragraph 6. In *Cooper*, 588 Pa. at 524, 905 A.2d 494-95, our Supreme Court held:

> [T]he appropriate, threshold showing to establish cause for supplemental discovery related to potential favoritism of a nonparty expert witness retained for trial preparation is of reasonable grounds to believe that the witness may have entered the professional witness category. *In other words, the proponent of discovery should demonstrate a significant pattern of compensation that would support a reasonable inference that the witness might color, shade, or slant his testimony in light of the substantial financial*

---

5. Pa.R.C.P. 4003.5(a)(2) states: A party may only require opposing experts to state the facts and opinions to which they are expected to testify and to summarize the grounds for each such opinion, unless cause is shown and a court order acquired for the additional discovery.

*incentives...*

(emphasis added); *Feldman v. Ide*, 915 A.2d 1208 (Pa. Super. 2007) (citing *Cooper*).

The Pennsylvania Superior Court has consistently permitted a party to examine an expert witness' relationship with counsel calling the expert, including the history and amount of compensation received by the expert from counsel.'" *J.S.*, 860 A.2d at 1120-21; *see Troxell v. McQuay*, 2009 WL 635309 (Ct. Com. Pl. April 2009); *Fullam v. Miller Bros.*, 2013 WL 4502718, at *5 (Ct. Com. Pl. July 27, 2013) (citing Pa.R.E. 607); *Macdonald v. Chestnut*; 2005 WL 5107591 (Ct. Com. Pl. May 27, 2005); *Polett v. Public Communications, Inc.*, A.3d 2013 WL 6732103 (Pa. Super. 2013). Furthermore, Pennsylvania courts have upheld inquiries about the amount of income an expert has received *from testifying in a particular type of case and whether the expert consistently represents . . . Plaintiff or Defendant*" (emphasis added). *J.S.*, 860 A.2d at 1121; *Macdonald*, 2005 WL 510759; *McKenna, supra* at ¶6.

In *Cooper*, 588 Pa. 505, *supra*, the Pennsylvania Supreme Court outlined "the limited aspect of income information within the fair scope of relevance on the question of potential favoritism" that the proponent of discovery may inquire. It includes:

> the approximate amount of compensation received and expected in the pending case; the character of the witnesses' litigation-related activities, and, in particular, the approximate percentage devoted to specific types of litigation and/or work on behalf of a particular litigant, class of litigant, attorney, and/or attorney organization; the number of examinations, investigations, or inquiries performed in a given year,

for up to the past three years; the number of instances in which the witness has provided testimony within the same period; the approximate portion of the witness' overall professional work devoted to litigation-related services; and the approximate amount of income each year, for up to the past three years, garnered from the performance of such services.

*Cooper*, 588 Pa. 525, 905 A.2d at 495 (internal citations omitted). The *Cooper* court also said "[supplemental] discovery . . . should be of the least burdensome and intrusive kind possible. *Id.* Moreover, a court should review whether "the financial information involved meets even the lower threshold governing discovery generally, namely, the requirement that the request be reasonably calculated to lead to the discovery of admissible evidence. *Id.* at 493 (citing Pa.R.C.P. 4003.1(a)(1)); *J.S.*, 860 A.2d 1112, *supra*; *Sleasman v. Bolden*, 2006 WL 3921267 (Allegheny Co. Mar. 6, 2006).

In *Barrick v. Holy Spirit Hospital of the Sisters of Christian Charity*, 32 A.3d 800, 810 (2011), the court, in citing Pa.R.C.P. 4003.5(a)(1), confirmed *Cooper*'s holding that supplemental discovery may be further ordered only upon "cause shown." *Barrick* also distinguished *Cooper*, by holding that cause for supplemental discovery is not shown when an appellant *seeks written trial preparation materials* in connection with *communications* between counsel for appellants and appellants' expert witness because such written correspondence is privileged and exceeds the scope of Pa.R.C.P. 4003.5(a)(1) (emphasis added).

In the present case, we find that pursuant to *Cooper*'s holding on supplemental discovery of expert witnesses under Pa.R.C.P. 4003.5, Pa.R.C.P. 4003.1(a) (relevant

material is discoverable) and Pa.R.C.P. 4003.1(b) (material is discoverable if reasonably calculated to lead to the discovery of relevant evidence), our STM's July 23, 2012 order, outlining permitted portions of plaintiff's interrogatories to Dr. Fayyazi and VSAS, is appropriate supplemental discovery.

## LEGAL ANALYSIS

Our STM's order of July 23, 2012, going three (3) years back no later than September 2012, seeks answers to plaintiff's interrogatories regarding the following:

(1) a list of all Independent Medical Examinations ("IMEs") and depositions Dr. Fayyazi has conducted;

(2) a list of all IMEs and depositions the medical-legal department of VSAS has conducted;

(3) the total amount of money that Dr. Fayyazi has made from conducting IMEs;

(4) the total amount of money the medical-legal department of VSAS has made from conducting IMEs;

(5) the total amount of money the medical-legal department of VSAS has made from testifying in litigation and administrative claims for defendant's insurance carriers, and government entities including worker's compensation matters such as URO and social security claims;

(6) a list of said lawsuits and administrative matters, including utilization reviews for workers' compensation cases by the medical-legal department of VSAS;

(7) the total amount of money Dr. Fayyazi made from testifying in litigation and administrative claims for

defendants, insurance carriers, and government entities including workers' compensation matters such as URO and social security claims; and

(8) a list of said lawsuits and administrative matters, including utilization reviews for workers' compensation cases by Dr. Fayyazi.

*See* plaintiff's interrogatories propounded upon Dr. Amir Fayyazi (May 25, 2012); *Guffey v. Kyriazis*, 2308-CV-2009, Order of the discovery master (July 23, 2012).

I. Plaintiffs' Interrogatories As Set Forth in the July 23, 2012 Order Are Relevant and Reasonably Calculated to Lead to the Discovery of Relevant Evidence

The purpose our plaintiff's discovery inquiry is the same as plaintiff's inquiry in *Cooper*. In *Cooper*, the court found certain financial records pertaining to the expert's legal/medical activities were discoverable because defense's medical legal expert was apparently known [for] "extensive participation in defense medical examinations in the past, and plaintiff's sought to address the extent to which expert defense had financial entanglements with defense firms and/or the insurance industry." *Cooper*, 588 Pa. at 518-19, 524, 905 A.2d at 490, 494-95.

In the present case, plaintiffs believe and aver that Dr. Fayyazi regularly testifies in both workers' compensation and motor vehicle actions for $3,000 an hour for deposition, and that Dr. Fayyazi derives substantial income from this medical legal work. *See* plaintiff's motion to overrule any of defendant's objections to plaintiff's interrogatories regarding defendant's expert, Dr. Amir Fayyazi, and request for an order compelling the full and complete answers, paragraph 15 (June 21, 2012).

Dr. Fayyazi is employed by VSAS Orthopedics, a medical group that specializes in providing legal medical examinations primarily to insurance businesses or their insureds, whether it be defendants in motor vehicle accidents and/or workman's compensation claims. *See Id.* at exhibit "D". VSAS provides defense medical examinations to the workman's compensation and liability insurance businesses. *Id.* VSAS Orthopedics also goes so far as to *advertise* that they have nine (9) physicians providing defense medical examinations (emphasis added). *Id.*

Moreover, recent testimony under oath from Dr. DiBenedetto, a colleague of Dr. Fayyazi and partner at VSAS, also indicates that discovery of Dr. Fayyazi and VSAS's financial information is appropriate supplemental discovery. In the matter of *Spencer v. Price Chopper*, B.C.No. 3286998 ln. 34:12-16 (Mar. 6, 2012), Dr. DiBenedetto testified that he himself was making $800,000 to a million dollars a year doing legal medical work for VSAS, and that this money is shared with other VSAS physicians. *See* plaintiff's brief in support of discovery motion (June 21, 2012) exhibit E, deposition of Dr. DiBenedetto in *Spencer v. Price Chopper*. Dr. DiBenedetto also testified that Dr. Fayyazi is the busiest physician at VSAS doing legal medical exams. *Id.* Dr. DiBenedetto's testimony suggests Dr. Fayyazi frequently performs legal medical work.

Further, plaintiffs have indicated to the court that the law firm engaged by our defendant in the present case has formerly engaged Dr. Fayyazi as an expert performing frequent defense medical legal exams, and that Dr.

Fayyazi's income generated from such work is substantial.[6] In defendant's answer to plaintiff's interrogatories in the matter of *Grace v. Strazzeri*, 2009-CV-2496, filed July 25, 2011 in Lackawanna County, defendants' law firm indicated to our plaintiff that Dr. Fayyazi charged $1,200 for each IME, and approximately 20% of his overall professional work was devoted to litigation related services. *Id.* at ¶6. Defendants firm in the Lackawanna County case *Grace* also noted to plaintiffs that Dr. Fayyazi, while working at VSAS, made $560,270 from IMEs in 2011, $746,933 in 2010, and $386,160 in 2009; and that he performed 40 medical/legal depositions in 2009, 83 such depositions in 2010, and 54 depositions in 2011. Defendants' firm in *Grace* also noted Dr. Fayyazi performed 204 IMEs for VSAS in 2009, 333 IMEs in 2010, and 201 IMEs in 2011. *Id.* at ¶7.

This financial information from plaintiff's prior litigation experiences with Dr. Fayyazi, in a matter before our county, speaks directly to plaintiff's concern that Dr. Fayyazi may be a witness secured by defendants to provide legal medical material favoring defendants. It therefore demonstrates that the financial information interrogatories in our STM order is both relevant and reasonably calculated to lead to the discovery of relevant evidence. Pa.R.C.P. 4003.1(a)-(b); Pa.R.C.P. 4003.5; *Cooper*, 588 Pa. 505, 905 A.2d 482. The financial information also demonstrates that plaintiff has shown cause for supplemental discovery pursuant to *Cooper*.

---

6. *See* plaintiff's supplemental exhibits being offered to support plaintiff's motion to compelling Cooper discovery regarding Amir Fayyazi and VSAS (Oct. 31, 2013) exhibit 3 (defendant Santa Marie Strazzeri's answers to plaintiff's expert interrogatories concerning Amir Fayyazi, M.D. Addressed to defendant, *Grace v. Strazzeri*, 2009-CV-2496, Lacka. Co.) (Lacka. Co. July 25, 2011).

Plaintiff Has "Shown Cause" for Supplemental Discovery Pursuant to Cooper

Plaintiff's interrogatories as approved by the STM are narrowly tailored to the facts of plaintiff's case and the concerns plaintiff has raised regarding Dr. Fayyazi's potential "professional witness" status. *Cooper, supra*; *see also Sleasman*, 2006 WL 3921267; Pa.R.C.P. 4003.1(b); *PECO Energy Co.*, 852 A.2d 1230. The order does not seek "unfettered production of any and all . . . forms, where such documentation contains information unrelated to the case" but rather the information sought by plaintiff is limited to Dr. Fayyazi and VSAS's medical legal work in cases like our own. *See J.S.*, 860 A.2d 1112, *supra*. As noted above, the order specifically states that the interrogatories do not involve information about referrals from attorneys or others. *See* STM Order (July 23, 2012). *Sleasman*, 2006 WL 3921267; *J.S.*, 860 A.2d 1112, supra. Nor does the order seek privileged, written correspondence between defense counsel and his expert like in *Barrick, supra*. Instead, as defense counsel admits, plaintiffs seek the very material that was at issue in *Cooper*. *See* defendants appeal from order of discovery master of July 23, 2012 (Aug. 1, 2012). In addition, though plaintiff's original interrogatory request sought financial information of Dr. Fayyazi and VSAS from the last four (4) years,[7] our STM order allows only such information from the past three (3) years. As such the order is within the confines of *Cooper*, 588 Pa. at 525, 905 A.2d at 495 *supra*; *see also* this opinion at p.9 (outlining that Cooper permits supplemental discovery of approximate amount of income each year, for up to the past three years, garnered

---

7. *See* plaintiff's interrogatories propounded upon Amir Fayyazi M.D. c/o Edward S. Neyhart, Esq. (May 25, 2012).

from the performance of such services).

Defendant Has Not Established that the STM Order Fails to Comply with Cooper

A party asserting a limitation on discovery has the burden established without limitation. *Johnson v. Weisman*, MD., 98 Civil 00393 (Bradford Co. Mar. 22, 2000), Pennsylvania Standard Practice, 6th Ed., Section 34.22. Defendants claim plaintiffs interrogatories do not comply with *Cooper*. However, defendant does not provide any explanation whatsoever in support of its argument for the appeal.[8] Without substantiating its claim for the order's non-compliance with *Cooper*, defendants' argument is without merit. Moreover, the information sought in our STM's order is "minimally intrusive." *See Cooper*, 508 Pa. 588, *supra*. As noted on pages 12-13 of this opinion, the very financial information that defendants contest in our STM order regarding depositions, IMEs, income, and professional time spent by Dr. Fayyazi through his work as a defense medical legal expert with VSAS, has already been provided to this court by defendants' firm when the firm answered interrogatories to these points in *Grace*. *See* plaintiffs supplemental exhibits being offered to support plaintiff's motion pertaining to compelling Cooper discovery regarding Amir Fayyazi and VSAS (Oct. 31, 2013) exhibit 3 at paragraphs 6-7. Further, though the information formerly provided in *Grace* includes the years 2009, 2010, and 2011, and not the years our STM allowed in the July 2012 order, it is significant that in

---

8. Interestingly, as referenced in footnote 3 above, in August 2012, defendant provided specific reasoning in its objections to plaintiff's original discovery request prior to our STM having decided the July 2012 Order, yet defendant did not raise the same or other specific issues outlining the order's non-compliance with *Cooper* in defendant's present appeal of the order.

*Grace*, defendant's firm provided the financial information our plaintiff now seeks, at a time at least three years after which *Cooper* was decided. Having previously provided such information despite *Cooper*, defendants argument that the information is not *Cooper*-complaint fails.

The July 23, 2012 STM order seeks information that is in the proper scope of discovery. Defendant's appeal of the STM order of July 23, 2012 is denied and dismissed.

## ORDER

And now, this 3rd day of February 2014, upon consideration of the motions and briefs of the parties regarding defendants' appeal of the July 23, 2012 order of special trial master compelling defendants to answer interrogatories going back three (3) years no later than September 15, 2012, it is hereby ordered and decreed that:

1. Defendant's appeal of the special trial master's discovery order of July 23, 2012 is denied and dismissed.

2. All discovery approved by the STM in his July 23, 2012 order is to be provided by defendant within thirty (30) days of the date of this order.