J-A06009-20

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | |
|---|---|
| PATRICIA HARTLEY, AS ADMINISTRATRIX OF THE ESTATE OF HEATHER TILLETTE, DECEASED | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| Appellee | |
| v. | |
| EINSTEIN MEDICAL CENTER MONTGOMERY AND EINSTEIN HEALTHCARE NETWORK | |
| Appellants | No. 135 EDA 2019 |

Appeal from the Order Entered November 29, 2018
In the Court of Common Pleas of Montgomery County
Civil Division at No.: 2017-03929

BEFORE:  STABILE, KING, JJ., and STEVENS, P.J.E.[*]

MEMORANDUM BY STABILE, J.:                    **FILED MAY 28, 2020**

Appellants Einstein Medical Center Montgomery and Einstein Healthcare Network appeal from the November 29, 2018 discovery order entered in the Court of Common Pleas of Montgomery County ("trial court").  Upon review, we quash this appeal.

The facts and procedural history of this case are undisputed.[1]  Following the death of Heather Tillette, Appellee Patricia Hartley, the decedent's mother and administratrix of her estate, filed a civil action against Appellants, alleging causes of action for negligence and wrongful death and survival.  Appellee

---

[*] Former Justice specially assigned to the Superior Court.

[1] Unless otherwise noted, these facts are taken from the trial court's April 30, 2019 opinion.  *See* Trial Court's Opinion, 4/30/19 1-3.

alleged that, on February 26, 2015, the decedent went to the emergency room at Einstein Medical Center Montgomery, allegedly complaining of "migraine headaches, vomiting and seeing flickering lights." Complaint, 2/27/17, at ¶ 4. The treating providers allegedly documented that the decedent had a past medical history "which included ADHD, dizziness, generalized anxiety disorder, and confirmed abuse, neglect and exploitation." *Id.* at ¶ 5. It also was documented that the decedent's mother "had telephoned the hospital and reported that [the decedent] had a prescription for 90 Adderall tablets but only had 10 tablets left in the bottle." *Id.* at ¶ 7. One of the treating providers allegedly documented that the decedent had "tangential thought processes and flight of ideas." *Id.* at ¶ 10. The decedent allegedly had "a tachycardic, rapid pulse rate of 120 beats per minute." *Id.* The decedent allegedly was in the emergency room from approximately 6:26 p.m. to 8:40 p.m., when she absconded. The decedent subsequently was reported missing and found on March 22, 2015 in an open field approximately one mile from the Einstein Medical Center Montgomery. When the decedent was found, she allegedly still was wearing her hospital gown and hospital bracelet from her February 26, 2015 visit.

Appellee served on Appellants a request for production of documents. Request number 26 ("Request 26") provided: "For the period of January 1, 2006 to the present, please provide a copy of any and all Reportable Events, Optionally Reportable Events, Incident Reports, memoranda or correspondence prepared by [Appellants] or [Appellants'] agents which

involve or concern any patient eloping from Einstein Medical Center Montgomery." Appellants responded: "Objection. The foregoing request is overly broad, unduly vague, would require the making of an unreasonable investigation, is not reasonably calculated to lead to the discovery of admissible information and calls for information that is protected by, *inter alia*, HIPAA.[2]"

Appellee filed a motion to compel. Appellants objected. Following a hearing before a discovery master, the trial court, on August 1, 2018, issued an order, directing, *inter alia*:

> [Appellants] shall not be required at this time to produce documents responsive to Request for Production No. 26 requesting documentation of elopement of other patients than [Appellee's] decedent. The request is overly broad in that it seeks documentation of incidents long before the current building from which [Appellee's] decedent eloped was opened. [Appellee] may file a motion to compel a response to [Request 26] limited in time from the date of opening of the current hospital building through the date of [the decedent's] elopement. [Appellants] shall either produce any such documents or file an appropriate privilege log identifying documents that exist and the reason for any claimed protection.

Trial Court Order, 8/1/18, at ¶ 5.[3]

---

[2] Health Insurance Portability and Accountability Act of 1996, Pub. L. 104–191, 110 Stat. 1936 (1996).

[3] Appellants sought reconsideration of the August 1, 2018, which the trial court granted. As a result, the trial court amended the August 1, 2018 order with respect to an issue not presently before us. Specifically, the trial court amended only paragraph 2 of the August 1 order insofar as Appellants "only need to produce a copy of the Index of its Policy, Procedure or Protocol Manual in place for the Emergency Room at its facility as of calendar year 2015, in response to paragraph number 23 of [Appellee's] request for production of documents." Trial Court Order, 8/24/18 (unnecessary capitalizations omitted). The remaining directives in the August 1, 2018 order remained in full force and effect.

On September 20, 2018, in accord with the trial court's August 1, 2018 order, Appellee filed a motion to compel a response to Request 26, which Appellee had limited in time from the date of the opening of the current hospital building on September 29, 2012 through the date of the decedent's elopement on February 26, 2015. Appellants objected to Request 26. Following a hearing before a discovery master, the trial court issued an order on November 29, 2018 granting Appellee's motion to compel responses to, among other things, Request 26. The trial court ordered:

> With regard to [Request 26], [Appellants] shall either (i) produce any such documents for the time period between the opening of [Appellant] Einstein Medical Center Montgomery on September 29, 2012 and the date of the incident on February 26, 2015 **or** issue an appropriate privilege log identifying documents that exist and the reason for any claimed protection. [Appellants] are directed to redact responsive documents to remove identifying information consistent with 45 C.F.R. 164.514(b)(2) of [HIPAA], as amended.

Trial Court Order, 11/29/18, at ¶ 2 (unnecessary capitalization omitted) (emphasis added).

Appellants appealed to this Court. The trial court directed Appellants to file a Pa.R.A.P. 1925(b) statement of errors complained of on appeal. Appellants complied, raising twenty-one assertions of error spanning five pages. In response, the trial court issued a Pa.R.A.P. 1925(a) opinion, concluding that Appellants do not merit relief as their appeal is interlocutory.

On appeal, Appellants present three issues for our review:

> [I.] Is the [t]rial [c]ourt's November 29, 2018 [o]rder a collateral order subject to immediate appellate review where (a) the discovery issues within the [o]rder can be addressed without an analysis of the underlying claims, (b) Pennsylvania law treats medical records and related information as highly protected,

- 4 -

privileged, and confidential information, the disclosure of which involves rights deeply rooted in public policy, and (c) [Appellants'] claim would be irreparably lost because once the materials are divulged, the disclosure cannot be undone?

[II.] Did the trial court err when it ordered the production of medical records related to patients not at issue in this litigation when such records are simultaneously protected from disclosure by numerous statutes and public policy considerations, yet irrelevant to the underlying claims at issue?

[III.] Were any arguments "waived" when they were raised both in written response, at argument generally, and in Appellants' 1925(b) statement?

Appellants' Brief at 4-5.

"The purpose of the discovery rules is to prevent surprise and unfairness and to allow a fair trial on the merits." *Linker v. Churnetski Transportation, Inc.*, 520 A.2d 502, 503 (Pa. Super. 1987), *appeal denied*, 533 A.2d 713 (Pa. 1987). "Generally, discovery is liberally allowed with respect to any matter, not privileged, which is relevant to the cause being tried." *McIlmail v. Archdiocese of Philadelphia*, 189 A.3d 1100, 1106 (Pa. Super. 2018) (citations omitted); *see* Pa.R.C.P. No. 4003.1(a) ("a party may obtain discovery regarding any matter, not privileged, which is relevant to the subject matter involved in the pending action[.]"). "[I]n reviewing the propriety of a discovery order, our standard of review is whether the trial court committed an abuse of discretion." *Sabol v. Allied Glove Corp.*, 37 A.3d 1198, 1200 (Pa. Super. 2011). An "[a]buse of discretion occurs if the trial court renders a judgment that is manifestly unreasonable, arbitrary or capricious; that fails to apply the law; or that is motivated by partiality,

prejudice, bias or ill-will." ***Hutchinson v. Penske Truck Leasing Co.***, 876 A.2d 978, 984 (Pa. Super. 2005), ***aff'd***, 922 A.2d 890 (Pa. 2007).

Preliminarily, before we address the merits, we must determine whether we have jurisdiction over Appellants' appeal. Appellants assert that the trial court's November 29, 2018 order is a collateral order under Pa.R.A.P. 313(a) and, as a result, this appeal is proper. Appellee and the trial court, however, urge us to quash this appeal because the November 29, 2018 does **not** require Appellants to disclose privileged information. We agree.

As we have stated:

> "[I]n general, discovery orders are not final, and are therefore unappealable." ***Jones v. Faust***, 852 A.2d 1201, 1203 (Pa. Super. 2004). However, "discovery orders involving privileged material are nevertheless appealable as collateral to the principal action" pursuant to Pa.R.A.P. 313 ("Collateral Orders"). ***Id.*** Rule 313(a) states that "[a]n appeal may be taken as of right from a collateral order of [a] ... lower court." Pa.R.A.P. 313(a).
>
> > A collateral order is an order separable from and collateral to the main cause of action where the right involved is too important to be denied review and the question presented is such that ***if review is postponed until final judgment in the case, the claim will be irreparably lost***.
>
> Pa.R.A.P. 313(b) (emphasis added). "A discovery order is collateral only when it is separate and distinct from the underlying cause of action." ***Feldman v. Ide***, 915 A.2d 1208, 1211 (Pa. Super. 2007).

As this Court explained recently:

> Prior to the decision of the Pennsylvania Supreme Court in ***Ben v. Schwartz***, 729 A.2d 547 (Pa. 1999), Pennsylvania courts did not often entertain interlocutory appeals from discovery orders, unless the discovery order was not related in any way to the merits of the action itself. . . . In ***Schwartz***, the Pennsylvania Supreme Court revised this rule and held that an appeal from a discovery order raising a question of the application of a privilege is separable from the underlying issue, so long as the issue of

> privilege may be addressed by an appellate court without analysis of the underlying issue. [*Id.*] at 551–52.
>
> ***Castellani v. Scranton Times, L.P.***, 916 A.2d 648, 652 (Pa. Super. 2007)*.*

***T.M. v. Elwyn, Inc.***, 950 A.2d 1050, 1056–57 (Pa. Super. 2008).

Instantly, consistent with the collateral order doctrine, Appellants' claim of privilege would not be irreparably lost if immediate appellate review is not granted at this juncture. As detailed above, the trial court's November 29, 2018 order does not require disclosure of privileged information. The order merely directs Appellants to ***either*** produce the requested documents ***or*** provide a privilege log identifying existing documents and their claimed protection in response to Request 26. Thus, Appellants' concern that, once privileged information is divulged, the disclosure of documents cannot be undone is premature. As a result, Appellants cannot avail themselves of the collateral order doctrine as a basis for our jurisdiction to appeal from the November 29 discovery order, which is not final, and therefore unappealable. ***See Yocabet v. UPMC Presbyterian***, 119 A.3d 1012, 1016 n.1 (Pa. Super. 2015) (applying collateral order doctrine under Rule 313 to discovery orders compelling production of materials purportedly subject to a privilege).

Appeal quashed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary


Date: <u>5/28/20</u>