588 A.2d 34

**COMMONWEALTH of Pennsylvania, Appellee,**

v.

**Walter Robert KINSEL, Appellant.**

Superior Court of Pennsylvania.

Argued Dec. 4, 1990.

Filed March 18, 1991.

David R. Eshelman, Reading, for appellant.

Charles Coleman, Asst. Dist. Atty., Reading, for Com., appellee.

Before CAVANAUGH, OLSZEWSKI and FORD ELLIOTT, JJ.

CAVANAUGH, Judge:

This is an appeal from the judgment of sentence entered in the court below.

The appellant, Walter Robert Kinsel, was charged with murder, involuntary manslaughter, voluntary manslaughter, aggravated assault, recklessly endangering another person, and possessing an instrument of crime. The charges arose out of an incident on September 22, 1987 in which Betty Kinsel, the wife of appellant, was shot three times in the neck at close range. Appellant testified that he and his wife were having marital difficulties and had been going to a marriage counselor. On the evening of the fatal shooting, the appellant and Mrs. Kinsel had been to a marriage counselor. According to the appellant, Mrs. Kinsel was very upset over his children by a former marriage not liking her, about sexual problems and her experience with "ghosts" in the house. Mrs. Kinsel had witnessed ghosts or images in her bedroom in the past and had retained an exorcist to remove them but without success. After the couple arrived home, Mrs. Kinsel went to her bedroom to retire. The appellant occupied a separate bedroom.

Appellant testified that when it was time for him to retire, he went to his wife's room to say goodnight. She was still upset and angry and she told him to get out. As he turned around to leave, she said, "this is it—you've had it", and he observed a gun in her hand. He was only a short distance away and jumped on the bed to grab the gun when it went off and the deceased suffered three wounds. There were no eyewitnesses other than appellant. (445). The Commonwealth introduced evidence through Dr. Hoffman, a pathologist, that in his opinion, the decedent was shot three times in the neck while lying in bed and the muzzle of the gun was against her body when she was shot. Although appellant told police that a struggle occurred with his wife before the gun went off, the bedroom and all the furnishings were very orderly and neat, and when the police arrived shortly after the shooting, there was no evidence of a struggle.

The jury trial before the Honorable Calvin E. Smith was extended, having started on August 8, 1988 and continued until August 22, 1988. The trial covered seven separate days. The notes of testimony were more than 830 pages in length. The jury returned a verdict of not guilty of murder and manslaughter, but guilty of aggravated assault, recklessly endangering another person, and possessing an instrument of crime. Appellant's motion for a new trial and in arrest of judgment were denied. He was sentenced to imprisonment for five to ten years for aggravated assault. The court held that the offense of recklessly endangering another person merged with that of aggravated assault for purposes of sentencing. The appellant was also sentenced to twelve to twenty-six months imprisonment for possessing an instrument of crime, the sentence to run concurrently with that for aggravated assault. An appeal has been taken from the judgment of sentence.

Sentence was entered on February 22, 1989 and an appeal was taken to this court on March 23, 1989. The record was not forwarded to this court, and on June 6, 1990, the Prothonotary of the Superior Court wrote to the Clerk of Courts of Berks County requesting that the record in the instant case be promptly lodged in the office of the Superior Court Prothonotary even if it was incomplete. The record was forwarded without an opinion by the court below.

Pennsylvania Rule of Appellate Procedure 1925(a) requires that the court below file at least a brief statement of the reasons for the order or judgment appealed from.[1] Failure to comply with the rule, in this case, precludes us from making a meaningful review. The issues are complex,

---

1. Pa.R.A.P. 1925(a) states:
   **RULE 1925. OPINION IN SUPPORT OF ORDER**
   (a) **General Rule.** Upon receipt of the notice of appeal the judge who entered the order appealed from, if the reasons for the order do not already appear of record, shall forthwith file of record at least a brief statement, in the form of an opinion, of the reasons for the order, of for the rulings or other matters complained of, or shall specify in writing the place in the record where such reasons may be found.

involving as they do, alleged errors in the charge, testimony of Commonwealth witnesses, exclusion of evidence on behalf of the appellant, and in admission of photographs. There is also an issue as to the sufficiency of the evidence, since much of the evidence on which the convictions were based is circumstantial. The only living eyewitness to the event was the appellant, whose testimony would lead us to a different conclusion than that reached by the Commonwealth expert, Dr. Hoffman. Even the Commonwealth's witnesses corroborated that the deceased had a gun and Karen Schwartz, a daughter of the decedent, testified about her mother's belief that "images" were in her bedroom at the foot of her bed, but that she was not afraid of them. Ms. Schwartz's boyfriend, Peter Lysczek, stated that he found a gun under the mattress of the decedent's bed on an occasion when he was helping her to move to another house.

We are not in any way expressing a view as to the sufficiency of the evidence or of any other issues raised, but it is necessary for us to have an opinion of the trial court who heard and saw the witnesses to assist us in the review of this case. What we stated in *Commonwealth v. Atwood,* 378 Pa.Super. 21–28, 547 A.2d 1257, 1260–1261 (1988), appeal denied by *Commonwealth v. Atwood,* 521 Pa. 616, 557 A.2d 720 (1989), is appropriate in the instant matter:

This was an extensive trial.... To ask this Court to do the exhaustive review of that record ... with no assistance from the trial judge who sat throughout the proceeding, makes a mockery of appellate review. Our system of appellate review provides an effective expeditious means for fair examination of the issues and resolution of them. It depends, however, on counsel and the trial court adhering to the Rules of Appellate Procedure if the system is not to be paralyzed.

We are mindful of our prothonotary's letter to the Clerk of Courts of Berks County of June 6, 1990 requesting that the record in this case, as well as in five other cases from Berks County, be lodged in this office, even if incomplete. The reason for this letter was that the record in this case, including the opinion of the court below, was due in this

court within forty days after filing the notice of appeal. Pa.R.A.P. 1931(a). On June 6, 1990 the record was more than one year overdue. The letter of the prothonotary was also sent because five other records from Berks County were also overdue. While we requested that the record, although incomplete, be forwarded as soon as possible, this did not relieve the court below of its responsibility of complying with Pa.R.A.P. 1925(a). While in some instances it is possible to properly decide on appeal where there is no trial court opinion, where, as here, we do not have the benefit of an opinion of the trial court and the issues are many and complex, the proper remedy is to remand to the court below with directions that an opinion be promptly prepared and returned to us. *Commonwealth v. Hicks*, 328 Pa.Super. 233, 476 A.2d 978 (1984).

Case remanded to court below for the preparation of an opinion to be forwarded to this court within sixty (60) days.

Panel jurisdiction is relinquished in order to preserve the rights of the parties to oral argument based upon a full record and opinion in support of the trial court's disposition. Case to be relisted by the Prothonotary promptly upon the trial court's compliance with this order.