681 A.2d 809

ROBEC, INC., T/A Robec Distributors, Appellees,

v.

Franklin POUL, Jerome J. Shestack and 107 Additional
Unknown Partners T/A Wolf, Block, Schorr &
Solis–Cohen, Appellants.

Superior Court of Pennsylvania.

Argued June 18, 1996.

Filed Aug. 13, 1996.

Barry E. Ungar, Carol J. Sulcoski, Philadelphia, for appellants.

Douglas I. Zeiders, Lansdale, for appellee.

Before KELLY, EAKIN and OLSZEWSKI, JJ.

OLSZEWSKI, Judge:

On April 12, 1993, appellee Robec, Inc., t/a Robec Distributors ("Robec") instituted a legal malpractice action against

certain named and unknown individuals t/a Wolf Block Schorr & Solis–Cohen ("Wolf Block"), appellants herein. Instantly, we are presented with an appeal from the August 28, 1995 order entered in the Court of Common Pleas of Montgomery County, granting Robec's motion to compel Wolf Block to produce certain documents for discovery. We remand this matter to the lower court to prepare a statement pursuant to Pa.R.A.P., Rule 1925(a).

In its complaint, Robec avers that, in May, 1990, it consulted with Raymond Agran, Esquire, then an associate with Wolf Block, regarding potential credit sales of computer equipment to one of its customers, HCI. Robec further avers that it was incorrectly advised by Attorney Agran that, notwithstanding a blanket lien already held by a financing entity on all of HCI's assets, it could obtain a first priority security interest in the goods sold to HCI, as well as such an interest in the accounts receivable and cash proceeds resulting from the re-sale of those goods by HCI. Robec claims that it relied upon this advice in deciding to sell equipment to HCI during the period from mid-May through October, 1990. Following such shipments, HCI's parent company filed for protection under the United States Bankruptcy Code. Robec asserts that, as a result of its reliance upon the alleged erroneous advice of counsel, it sustained losses when the financing company claimed entitlement to first priority over the accounts receivable and cash proceeds generated from the re-sale of inventory purchased from Robec. Robec also alleges that Jason Shargel, Esquire, then a partner at Wolf Block, improperly advised appellee that Attorney Agran was an expert in the area of the law in question.

Wolf Block denies that it counseled Robec as alleged. Instead, Wolf Block contends that it properly advised Robec about the risk involved with the credit sale transaction and, further, that Robec was apprised of the various methods by which it could minimize this risk of loss if it nevertheless decided to engage in the transaction. Claiming that Robec ignored this advice and used security agreements drafted by

an unknown party, Wolf Block has counterclaimed for unpaid legal fees and costs.

On March 7, 1995, Robec filed a motion seeking to compel Wolf Block to produce various documents which it had previously refused to disclose. These documents are Attorney Agran's personnel file and all of his performance evaluations as well as the personnel file for Attorney Shargel and his performance evaluations from May 1, 1990. Based upon a subsequent *in camera* review of the documents in question, the trial judge entered an order on August 28, 1995, directing Wolf Block to disclose to Robec the requested papers, subject to certain limited enumerated exceptions and redactions. Wolf Block then filed a petition seeking permissive appeal pursuant to Pa.R.A.P., Rule 312. We denied this request in a *per curiam* order dated February 8, 1996, and are now presented with an appeal wherein appellant seeks review as a matter of right under Pa.R.A.P., Rule 313.

In this appeal, Wolf Block raises three issues for our review. First, Wolf Block challenges the relevancy of the documents at issue to the action instituted against it and, also, the trial court's determination that these documents could lead to the admission of evidence at trial. Next, Wolf Block claims that the trial court erred in failing to recognize compelling public policy reasons against the disclosure of employee personnel files and performance evaluations. Finally, Wolf Block argues that the trial court erred in failing to properly balance the law firm's interest in the confidentiality of the documents against any minimal relevance that they may have to Robec.

Before we may address these substantive challenges to the lower court's discovery order, we must determine whether such order is the proper subject of appellate review. *R.W. v. Hampe*, 426 Pa.Super. 305, 626 A.2d 1218 (1993); *Katz v. Katz*, 356 Pa.Super. 461, 514 A.2d 1374 (1986). "As a general rule, this Court will not provide interim supervision of discovery proceedings conducted in connection with litigation pending in the several trial courts." *McManus v. Chubb Group of Ins. Companies*, 342 Pa.Super. 405, 410, 493 A.2d 84,

87 (1985). "In the absence of unusual circumstances, we will not review discovery ... orders prior to final judgment in the main action." *Id.*

It is well established that an appeal lies from a final order unless otherwise provided by statute. 42 Pa.C.S.A. § 742; *Commonwealth v. Miller,* 406 Pa.Super. 206, 207–10, 593 A.2d 1308, 1309 (1991). Since the August 28, 1995 order did not end the litigation nor dispose of the entire case, it is not a final order. *Id.* Accordingly, appellants seek our review of this interlocutory order under the so-called collateral order doctrine. *See* Pa.R.A.P., Rule 313. "Pursuant to this principle, an [interlocutory] order may be appealed if: (1) it is separable from and collateral to the main cause of action; (2) the right involved is too important to be denied review; and (3) the question presented is such that if review is postponed until final judgment in the case, the claimed right will be irreparably lost." *In re Estate of Israel,* 435 Pa.Super. 347, 353, 645 A.2d 1333, 1336 (1994). *See also Hampe,* 426 Pa.Super. at 309, 626 A.2d at 1219. All three elements must be satisfied for an order to qualify for review under the doctrine. *Id.* Additionally, we note that

> [n]arrow construction of the collateral order doctrine is required to protect the integrity of the fundamental legal principle that only final orders may be appealed. To hold otherwise would allow the collateral order doctrine to swallow up the final order rule, causing litigation to be interrupted and delayed by piecemeal review of trial court decisions.

*Watson v. City of Philadelphia,* 665 A.2d 1315, 1317 (Pa. Cmwlth.1995).

In an attempt to satisfy the second prong of the collateral order doctrine, Wolf Block asserts a right to confidentiality of the requested documents. Wolf Block does not, however, gain the right to appeal merely as a result of such a claim. The importance of the asserted right must be established. *In re Estate of Israel, supra.* While the courts of this Commonwealth have previously recognized that certain rights to confi-

dentiality are sufficient to satisfy the requirements of the collateral order doctrine,[1] the issue of whether a claimed right to confidentiality of personnel files and performance evaluations does so remains unresolved. Moreover, we find that the record in the case *sub judice* is inadequate for us to make such a determination presently.

■ Our review of the briefs indicates that there is significant dispute as to the content of the documents which are the subject of the August 28, 1995 order. Notably, Wolf Block asserts that the documents ordered to be disclosed were generated both before and after the events at issue. Further, Wolf Block argues that none of the performance evaluations or personnel files make reference to Robec or the HCI transaction. Robec, however, contends that the reports are for relevant periods and also that they may indeed contain references to either it or the transaction which gave rise to the cause of action against Wolf Block. Clearly, without any indication of the contents of the documents at issue, we are not presented with a sufficiently specific question to address. Any attempt, therefore, on our part to resolve the issue of whether the right to confidentiality claimed by Wolf Block is sufficient to satisfy the collateral order doctrine would be general and without reference to the specific facts of the case before us.[2] Consequently, if we were to decide this matter, we would be rendering an advisory opinion. *See Sedat, Inc. v. Fisher*, 420 Pa.Super. 469, 475–77, 617 A.2d 1, 4 (1992) ("An

1. *See, e.g., Hutchison v. Luddy*, 414 Pa.Super. 138, 606 A.2d 905 (1992) (presented with an order directing the Roman Catholic Church to produce for discovery certain records which the church deemed secret, we found that an asserted right of confidentiality pursuant to 42 Pa.C.S.A. § 5942, recognizing a privilege for communications made in confidence to a clergyman, was too important to be denied review); *Miller, supra; Stenger v. Lehigh Valley Hosp. Center*, 386 Pa.Super. 574, 563 A.2d 531 (1989).

2. We recognize that an inquiry into the existence of a right to confidentiality of the personnel information at issue differs from an evaluation of an assertion of such a right for purposes of satisfying the collateral order doctrine. While a complete analysis of the asserted right of confidentiality is not required to satisfy the latter, we note that we should, nevertheless, be presented with a sufficiently specific issue in addressing such.

advisory opinion is one which is unnecessary to decide the issue before the court, and it is true that the courts of this Commonwealth are precluded from issuing such advisory opinions.").

■ Unfortunately, no trial court opinion was filed in this case pursuant to Pa.R.A.P., Rule 1925(a) despite Wolf Block's filing, on September 27, 1995, of a concise statement of matters complained of on appeal. This Rule requires the trial judge, upon receiving notice of an appeal from his or her order, to file, of record, an opinion setting forth the reasons for its order, unless such reasons already appear of record. The trial judge in this case has merely written a letter to the Superior Court prothonotary in which she states, in pertinent part:

> I have not as yet written an opinion inasmuch as I believe this is an interlocutory matter. . . . I reviewed *in camera* close to 1[,]000 documents and sustained objection to the production of some, which I felt were totally irrelevant to the issues at bar, and overruled the objections to the majority of them, with deletions to protect client privilege. Inasmuch as the crux of the issue is the competency of the legal advice given, I have no doubt in my mind that the information sought is relevant and could lead to the admission of evidence at trial.

Based upon the nature of the claims raised on appeal and the dispute regarding the contents of the documents, as discussed *supra*, we find this to be an inadequate compliance with Rule 1925(a). Indeed, "[w]e are surprised that the trial judge failed to follow our Rules of Appellate Procedure, as [Rule 1925(a) ] enables us to conduct effective and meaningful review of lower court decisions." *Commonwealth v. Thomas*, 449 Pa.Super. 646, 649, 674 A.2d 1119, 1120 (1996). In order to better understand the specific reasons for the court's order, we will remand this case for a more complete statement of reasons for the trial court's order. *See Commonwealth v. Pate*, 421 Pa.Super. 122, 617 A.2d 754 (1992); *Commonwealth v. Kinsel*, 403 Pa.Super. 67, 588 A.2d 34 (1991). The trial judge, in apprising us of the reasons for its order, should address the

relevant content of the documents in question with reference to the issues raised by Wolf Block in this appeal.

Remanded to the Court of Common Pleas of Montgomery County for preparation of a statement pursuant to Pa.R.A.P., Rule 1925(a) consistent with this opinion. Jurisdiction relinquished.

KELLY, J., concurs in the result.