## I. Charles & Rosalie FELDMAN, H/W, Appellees

v.

## Donald E. IDE, Appellant.

Superior Court of Pennsylvania.

Argued Oct. 18, 2006.

Filed Jan. 9, 2007.

Robert T. Panowicz, Wilkes–Barre, for appellant.

Kelly J. Lenahan, Scranton, for appellees.

Robert E. Kelly, Jr., Harrisburg, for Erie Ins., Amicus Curiae.

BEFORE: MUSMANNO, TODD and TAMILIA, JJ.

OPINION BY TAMILIA, J.:

¶ 1 Appellant Donald Ide appeals from the June 21, 2005 Order overruling his objections to Plaintiff's Request for Production of Documents and Things.

¶ 2 On September 20, 2000, appellant, who allegedly was operating his vehicle in a negligent manner, struck appellee Charles Feldman's vehicle from behind.

Record, No. 1, Complaint. On September 12, 2002, appellees I. Charles and Rosalie Feldman commenced this litigation by filing a complaint seeking damages for negligence and loss of consortium. *Id.* Shortly thereafter, appellant's insurer retained legal counsel who, in turn, retained the expert services of Dr. Richard Katz, M.D., to assist in the defense. Trial Court Opinion, Conahan, J., 7/20/05, at 1. Subsequently, and in an attempt to lay the groundwork for demonstrating bias, appellees served appellant with a Request for Production of Documents and Things ("Request") seeking, *inter alia,* all of Dr. Katz's federal income tax 1099 forms, W–2 forms and other similar tax forms relating to services rendered in personal injury and workers' compensation cases and issued from the law office of appellant's counsel, Erie Insurance Company, any and all independent medical exam organizations from any business Dr. Katz was associated with, and from any miscellaneous source whatsoever. Record, Plaintiff's Motion to Strike Objections and Compel Responses to Plaintiffs' Request for Production of Documents and Things Directed to the Defendant Regarding Medical Expert, Richard Katz, M.D., Exb. A.[1]

¶ 3 Appellant responded to these requests by filing objections and refusing to produce tax forms from the requested outside sources. *Id.* at Exb. B. In so doing, appellant asserted appellees' requests were unduly burdensome and were not reasonably calculated to lead to the discovery of admissible evidence. *See* Pa.R.C.P. 4011(b), **Limitation of Scope of Discov-**ery and Deposition, *see also* Pa.R.C.P. 4003.1(b), **Scope of Discovery Generally. Opinions and Contentions.**

¶ 4 The trial court overruled appellant's objections and ordered appellant to provide answers to the request within 30 days or suffer sanctions. Record, Order of June 21, 2005. After appellant perfected a timely appeal with this Court, the trial court issued an Opinion expounding upon its rationale for denying appellant's objections and indicating its belief appellant's appeal was interlocutory and, hence, should be quashed. Trial Court Opinion at 3. The trial court further noted that even if this Court finds the Order is appealable, the Order was appropriate pursuant to this Court's adjudication in *J.S. v. Whetzel (Appeal of Eagle),* 860 A.2d 1112 (Pa.Super.2004).

¶ 5 Following the filing of the parties' briefs and just six weeks prior to oral argument in this matter, our Supreme Court issued its decision in *Cooper v. Schoffstall,* 588 Pa. 505, 905 A.2d 482 (2006), which provides this Court with substantial guidance in resolving the matter *sub judice.*

¶ 6 Before considering this case on its merits, however, we must determine whether the trial court's Order is collateral, such that appeal may be taken. *See* Pa.R.A.P. 313(b), **Collateral Orders.** In order for an interlocutory order to be deemed collateral, there must be an order collateral to the main cause of action; the right involved must be too important for review to be denied; and the question

---

1. Appellees also sought a copy of Dr. Katz's curriculum vitae, a copy of Dr. Katz's fee schedule for the preceding five years, and copies of all billing statements submitted to Dr. Katz by any source whatsoever for services rendered to appellee I. Charles Feldman. Record, Plaintiff's Motion to Strike Objections and Compel Responses to Plaintiffs' Request for Production of Documents and Things Directed to the Defendant Regarding Medical Expert, Richard Katz, M.D., Exb. A. Appellant submitted both the curriculum vitae and the fee schedule after requesting them from Dr. Katz. Dr. Katz, however, was unable to provide appellant with any relevant billing statements. *Id.* at Exb. B.

presented must be such that if review is postponed until final judgment the claim will be irreparably lost. *Ben v. Schwartz,* 556 Pa. 475, 729 A.2d 547, 550 (1999), *citing* Pa.R.A.P. 313(b). A discovery order is collateral only when it is separate and distinct from the underlying cause of action. *Id.* at 551 In determining whether the right involved is too important to be denied review, it must be determined whether the right is deeply rooted in public policy such that it goes beyond the controversy at hand. *Id.* at 552. Finally, there must be no effective means of review available after an Order requiring the production of documents is reduced to judgment. *Id., citing Kelly v. Ford Motor Co.,* 110 F.3d 954, 964 (3d Cir.1997).

■ ¶ 7 After careful review, we conclude the trial court's Order is collateral and, consequently, ripe for appeal. The disclosure of Dr. Katz's tax returns is a matter wholly separable from the underlying negligence and loss of consortium actions. *See Cooper, supra* at 485 n. 3. In addition, the underlying privacy rights implicate matters of public policy that extend beyond the current controversy. *Id.* In that appellant, and not Dr. Katz, was the party served with the request, not only are Dr. Katz's privacy rights implicated by the trial court's Order, appellant's right to choose the means by which to defend himself is also implicated. *See* note 2, *infra.* These rights have obvious implications extending beyond the confines of this case.

¶ 8 Finally, appellant must be heard or else face a disrupting situation: either Dr. Katz agrees to supply the requested documents to appellant, in which case Dr. Katz's privacy rights are violated, or accept Dr. Katz's decision to withdraw as an expert, thereby crippling appellant's ability to assert an effective defense.[2] *Id.*

¶ 9 Turning to the merits of the trial court's Order, we find the trial court erred as a matter of law in overruling appellant's objections. Our review over the trial court's interpretation of the law surrounding disclosures such as the one at issue is plenary. *Cooper, supra* at 488. We also examine the trial court's factual conclusions to determine whether there has been an abuse of discretion. *Id.*[3]

¶ 10 Our Supreme Court in *Cooper* succinctly summarized the situation as follows.

Therefore, we believe that the appropriate, threshold showing to establish cause for supplemental discovery related to potential favoritism of a nonparty expert witness retained for trial preparation is of reasonable grounds to believe that the witness may have entered the professional witness category. In other words, the proponent of the discovery should demonstrate a significant pattern of compensation that would support a reasonable inference that the witness might color, shade, or slant his testimony in light of the substantial financial incentives....

2. While we recognize appellant is free to obtain another expert if Dr. Katz decides to withdraw, appellees can simply respond by forwarding a duplicative request to the new expert giving rise to an identical situation. This cat and mouse game would allow appellees to exert some influence over who appellant ultimately is able to use as an expert by holding a *de facto* veto power over any expert chosen. Such a result is fundamentally improper.

3. The issues raised by appellant ask us to interpret and re-analyze our holdings in *J.S. v. Whetzel (Appeal of Eagle),* 860 A.2d 1112 (Pa.Super.2004), and *Mohn v. Hahnemann Med. Coll. and Hosp. of Philadelphia,* 357 Pa.Super. 173, 515 A.2d 920 (1986). In light of our Supreme Court's recent decision in *Cooper,* however, we believe such analysis is unnecessary.

. . .

In keeping with the idea that the discovery along these lines should be of the least burdensome and intrusive kind possible, we believe that the appropriate entry point, upon the showing of cause, is a deposition by written interrogatories under Rule of Civil Procedure 4004 [**Procedure on Depositions by Written Interrogatories**]. Through this vehicle, and subject to the trial court's exercise of its sound discretion, the proponent of the discovery may be permitted to inquire as to the following: the approximate amount of compensation received and expected in the pending case; the character of the witnesses' litigation-related activities, and, in particular, the approximate percentage devoted to specific types of litigation and/or work on behalf of a particular litigant, class of litigant, attorney, and/or attorney organization; the number of examinations, investigations, or inquiries performed in a given year, for up to the past three years; the number of instances in which the witness has provided testimony within the same period; the approximate portion of the witness's overall professional work devoted to litigation-related services; and the approximate amount of income each year, for up to the past three years, garnered from the performance of such services. While we recognize that some jurisdictions have limited this form of discovery to exclude the income category we believe that this limited aspect of income information is within the fair scope of relevance on the question of potential favoritism.

*Cooper, supra* at 494–495 (internal and other citations omitted) *accord,* Pa.R.C.P. 4003.5(2), **Discovery of Expert Testimony. Trial Preparation Material.**

█ ¶ 11 Although the record discloses that appellees sent interrogatories to Dr. Katz, there is no evidence of record showing whether the interrogatories were answered and, if they were, in what fashion. *See* Record, No. 6, Certificate of Service. Consequently, we are unable to determine whether appellants were able to demonstrate a "significant pattern of compensation" that would give rise to the right to seek further discovery of documents. *Cooper, supra* at 494. We do note, however, that even if the trial court determines appellants are able to make the requisite showing, the Order granting appellees' request remains overly broad. *See Cooper, supra* at 496 ("In all likelihood, however, in such a case as this one, the written interrogatories will produce sufficient information to support adequate trial preparation."). For even if appellees have succeeded, or in the future, are able to demonstrate a significant pattern of compensation but are simultaneously unable to discover all of the information sought through Rule 4004 interrogatories, the trial court did not, and does not, have the authority to order appellant to disclose the last five years of Dr. Katz's income information. *See Cooper, supra* at 495. "In essence, the disclosure of documents cannot be undone." *Ben v. Schwartz, supra* at 552. Consequently, the trial court must re-visit its Order.

¶ 12 Order vacated and matter remanded for further proceedings consistent with this Opinion.

¶ 13 Jurisdiction relinquished.

¶ 14 Dissenting Opinion by MUSMANNO, J.

## DISSENTING OPINION BY MUSMANNO, J.:

¶ 1 I respectfully dissent from the Opinion of my learned colleague. The majority holds that the Order on appeal in this case

is subject to review under the collateral order doctrine. I disagree.

¶ 2 Generally, discovery orders are considered interlocutory and unappealable. *See Makarov v. Lukenda,* 856 A.2d 163, 163 (Pa.Super.2004); *Robec, Inc. v. Poul,* 452 Pa.Super. 264, 681 A.2d 809, 811 (1996); *Joyce & Associates v. Pivirotto,* 358 Pa.Super. 50, 516 A.2d 763, 764 (1986); *McManus v. Chubb Group of Ins. Companies,* 342 Pa.Super. 405, 493 A.2d 84, 87 (1985). However, under the collateral order doctrine, an interlocutory order may be appealable if the order "is an order separable from and collateral to the main cause of action where the right involved is too important to be denied review and the question presented is such that if review is postponed until final judgment in the case, the claim will be irreparably lost." Pa. R.A.P. 313(b).

¶ 3 The majority has concluded that the trial court's Order overruling defendant's objections to the plaintiffs' request for production is appealable pursuant to the collateral order doctrine. I cannot agree with the majority's conclusion.

¶ 4 The instant case is distinguishable from *Ben v. Schwartz,* 556 Pa. 475, 729 A.2d 547 (1999), cited by the majority. In the instant case, there is no issue of privilege as was present in the *Schwartz* case. The discovery request in *Schwartz* involved disclosure of medical records of persons not involved in the litigation as well as the issue of executive privilege. In the instant case, the discovery request involves disclosure of tax returns of the defendant's expert to determine his potential bias. In addition, resolution of the issue in this case does not impact on individuals other than those involved in the litigation, as was the case with the investigative files

of the Bureau in *Schwartz.* Thus, I find no rights at issue in this case which are significant enough to overcome adherence to the final judgment rule. Accordingly, I conclude that the trial court correctly opined that its Order overruling the defendant's objections to plaintiff's request for production was not an appealable Order. I would therefore quash this appeal.[4]

---

4. I note that if the trial court's Order was properly before this Court on appeal, I would hold that the case should be remanded to the trial court for a determination pursuant to the factors set forth in *Cooper v. Schoffstall,* 588 Pa. 505, 905 A.2d 482 (2006).