J-A32027-15

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | |
|---|---|
| IN RE: ESTATE OF SARA JANE GRIMM, DECEASED | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| APPEAL OF: REBECCA BERNHARD, EXECUTRIX | |
| | No. 370 WDA 2015 |

Appeal from the Order January 30, 2015
In the Court of Common Pleas of Mercer County
Orphans' Court at No(s): 2011-153

BEFORE:  SHOGAN, J., OTT, J., and STABILE, J.

MEMORANDUM BY OTT, J.:                    **FILED OCTOBER 15, 2015**

Rebecca Bernhard, Executrix of the Estate of Sara Jane Grimm, Deceased, brings this appeal from the order entered January 30, 2015, in the Court of Common Pleas of Mercer County, that imposed a sanction of $900.00 in attorney fees on Bernhard for responding to an interrogatory propounded by appellee, William L. Grimm,[1] with a frivolous objection.  We quash this appeal due to a lack of jurisdiction.[2]

_____

[1] Grimm is the decedent's stepson.

[2] On April 13, 2015, this Court directed Bernhard to show cause why the appeal should not be quashed.  Bernhard responded by letter dated April 23, 2015. Thereafter, on April 27, 2015, this Court discharged the rule to show cause and permitted the appeal to proceed, with the issue of jurisdiction deferred to the merits panel.  **See** Order, 4/27/2015.

The orphans' court summarized the background of this appeal, as follows:

> On September 16, 2014, [Grimm] served Interrogatories and Requests for Production of Documents on [Bernhard]. [Bernhard's] answers to the discovery requests contained numerous objections. This prompted [Grimm] to file a "Motion to Dismiss Petitioner's Objections to Respondent's Interrogatories and Request for Production of Documents, Determine Sufficiency of Answers, and Request for Sanctions."
>
> A hearing on the Motion to Dismiss occurred on December 1, 2014. As a result, this Court entered an order requiring [Bernhard] to answer or comply with all discovery requests within ten (10) days of the date of the order. Additionally, in the event [Bernhard] again objected to any interrogatory or discovery request, and that objection was later determined to be frivolous in nature, [Bernhard] was advised that sanctions would be imposed.
>
> On December 11, 2014, [Bernhard] provided supplemental answers to [Grimm's] discovery requests, which again contained numerous objections. This prompted [Grimm] to file a "Supplemental Motion to Dismiss Petitioner's Objections to Respondent's Interrogatories and Request for Production of Documents, Determine Sufficiency of Answers, and Request for Sanctions." On January 30, 2015, a hearing on [Grimm's] Supplemental Motion to Dismiss occurred, and this Court found that [Bernhard's] objection to Interrogatory No. 11 was frivolous. Accordingly, the above sanction [of $900 in attorney fees] was imposed.
>
> Pursuant to Pa.R.C.P. Rule 4019(g)(1), the order of December 1, 2014 was an "order compelling compliance" of a discovery matter following an opportunity for a hearing on same. [Grimm's] "Supplemental Motion to Dismiss ... and Request for Sanctions" was a "subsequent motion for sanctions" as set forth under subparagraph (g)(1). The sanction imposed resulted because [Bernhard] "failed to obey" the order of December 1, 2014 by responding to an interrogatory with an objection that was determined to be frivolous in nature at the hearing held on January 30, 2015.

Orphans' Court Pa.R.A.P. 1925(b) Opinion, 4/27/2015, at 1–2.

At the outset, we address the issue of appealablity.

As a general rule:

The appealability of an order directly implicates the jurisdiction of the court asked to review the order. "[T]his Court has the power to inquire at any time, *sua sponte*, whether an order is appealable." Pennsylvania law makes clear:

[A]n appeal may be taken from: (1) a final order or an order certified as a final order (Pa.R.A.P. 341); (2) an interlocutory order as of right (Pa.R.A.P. 311); (3) an interlocutory order by permission (Pa.R.A.P. 312, 1311, 42 Pa.C.S.A. § 702(b)); or (4) a collateral order (Pa.R.A.P. 313).

*In re Moskowitz*, 115 A.3d 372, 388–389 (Pa. Super. 2015) (citation and internal citations omitted).

Under Pa.R.A.P. 341, the present order awarding attorney fees as a discovery sanction is not a final order. **See** Pa.R.A.P. 341(b)(1) (defining final order as "any order that disposes of all claims and of all parties"). **See also Angelicho v. Myers**, 110 A.3d 1046 (Pa. Super. 2015) (default judgment entered as discovery sanction was not final, appealable order; the sanction order did not dispose of all claims against all parties); **T.M. v. Elwyn, Inc.**, 950 A.2d 1050 (Pa. Super. 2008) (in general, discovery orders are not final and are therefore unappealable); **Robec, Inc. v. Poul**, 681 A.2d 809 (Pa. Super. 1996) (generally, Superior Court will not provide interim supervision of discovery proceedings conducted in connection with pending litigation).

Furthermore, the order does not fall within any of the categories delineated in Pa.R.A.P. 342, which provides an appeal as of right from certain orders of the orphans' court.[3]

_____

[3] Rule 342, titled, "Appealable Orphans' Court Orders," provides:

> **(a) General rule**. An appeal may be taken as of right from the following orders of the Orphans' Court Division:
>
> (1) An order confirming an account, or authorizing or directing a distribution from an estate or trust;
>
> (2) An order determining the validity of a will or trust;
>
> (3) An order interpreting a will or a document that forms the basis of a claim against an estate or trust;
>
> (4) An order interpreting, modifying, reforming or terminating a trust;
>
> (5) An order determining the status of fiduciaries, beneficiaries, or creditors in an estate, trust, or guardianship;
>
> (6) An order determining an interest in real or personal property;
>
> (7) An order issued after an inheritance tax appeal has been taken to the Orphans' Court pursuant to either 72 P.S. § 9186(a)(3) or 72 P.S. § 9188, or after the orphans' Court has made a determination of the issue protested after the record has been removed from the Department of Revenue pursuant to 72 P.S. § 9188(a); or
>
> (8) An order otherwise appealable as provided by Chapter 3 of these rules.

Pa.R.A.P. 342(a).

Pursuant to Rule 342(a)(8), an orphans' court order not otherwise immediately appealable under Rule 342 may still be immediately appealable if it meets the criteria under another rule in Chapter 3 of these rules. Regarding Rule 313, this Court has held: "[D]iscovery orders involving privileged material are nevertheless appealable as collateral to the principal action pursuant to Pa.R.A.P. 313 ('Collateral Orders')." **T.M., supra**, 950 A.2d at 1056. The present order, however, does not compel the production of any privileged material, and no argument is made that the "right involved is too important to be denied review and the question presented is such that if review is postponed until final judgment in the case, the claim will be irreparably lost." **See** Pa.R.A.P. 313(b); **T.M., supra**.

Bernhard cites no legal authority in support of her position that this Court has jurisdiction to review the underlying order, but points to an earlier appeal by Grimm in this case as dispositive of the issue of appealability. **See** Bernhard's Brief at 12. **See also In re Estate of Grimm**, ___ A.3d ___ [1186 WDA 2014] [2015 Pa. Super. Unpub. LEXIS 1078] (Pa. Super. April 23, 2015) (unpublished memorandum). Our review, however, finds Grimm's prior appeal of a **contempt order** to be distinguishable from the present one, taken from the order awarding attorney fees as a discovery sanction for a frivolous objection pursuant to Pa.R.C.P. No. 4019 (providing for discovery sanctions).

As discussed above, the present order is not appealable under any of the relevant rules of appellate procedure. Accordingly, we quash this appeal.

Appeal quashed.
Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 10/15/2015