J-A08044-17

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| PHILADELPHIA PROFESSIONAL COLLECTIONS, LLC | : : : | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| Appellee | : : | |
| v. | : : : | |
| ELAINE MICKMAN | : : : | |
| | : | No. 1752 EDA 2016 |
| Appellant | : | |

Appeal from the Order Entered May 5, 2016
In the Court of Common Pleas of Philadelphia County
Civil Division at No(s): November Term 2014 No. 002793

BEFORE: PANELLA, LAZARUS, JJ., and STEVENS, P.J.E.[*]

MEMORANDUM BY STEVENS, P.J.E.: **FILED APRIL 17, 2017**

Elaine Mickman (hereinafter "Appellant") appeals *pro se* the Order entered in the Court of Common Pleas of Philadelphia County on May 5, 2016, denying her Motion *In Limine* to preclude Philadelphia Professional Collections, LLC, (hereinafter "Appellee")[1] from presenting and submitting at trial attorney-client privileged exhibits and witness testimony. Because the Order is interlocutory and not a collateral order appealable under Pa.R.A.P. 313(b), we quash the present appeal.

---

[*] Former Justice specially assigned to the Superior Court.
[1] Appellee is the assignee of White and Williams, LLP, (hereinafter "W&W"), a Pennsylvania limited liability partnership, pertaining to any accounts, accounts receivable, claims, or causes of action that W&W has or had against Appellant.

This matter arises following Appellee's filing of a Complaint on November 25, 2014, wherein it brought claims of breach of contract and unjust enrichment for Appellant's failure to abide by the terms of the Engagement Letter into which she and W&W had entered and whereby Appellant had agreed to pay for legal fees at W&W's hourly rates as well as out-of-pocket costs and expenses incurred by W&W in its representation of her. In its letter dated October 20, 2014, Appellee notified Appellant that W&W had assigned its rights and claims against her to Appellee and that she had one, final opportunity to pay the amounts owed which totaled One Hundred Fifty-Seven Thousand Five Hundred Ninety-Seven Dollars and Seventy-Nine Cents ($157,597.79). **See** Complaint at ¶¶ 4-9. In her answer to the Complaint, Appellant admitted she had engaged in a contract with W&W and to receiving bills from the firm, although she denied owing $157,597.79 and stated such amount represented "excessive billing." **See** [Appellant's] Answer to [Appellee's] Complaint at ¶¶ 5, 12, 18.

On April 26, 2016, Appellant filed a Motion *in Limine* challenging, *inter alia*, "the preclusion of her presenting evidence and testimony to her health and financial status" and requesting that the introduction of any exhibits or testimony pertaining to attorney-client privileged information be prohibited.[2]

_____

[2] Previously, the trial court had granted the Motion *In Limine* of Appellee to preclude the introduction of any evidence, argument or testimony regarding any claims against non-party W&W and any evidence of Appellant's financial
*(Footnote Continued Next Page)*

*See* Motion *in Limine*, filed 4/26/16, at 1-2 (unnumbered). The trial court heard oral argument on the motion on April 28, 2016, and at the conclusion thereof the trial court stated the following:

> In terms of concerns that have been raised today about potential violation of attorney/client privilege, I will hold [Appellee] to the representations that have been made in court that there will be no testimony solicited from any witness on the underlying litigation and if the [c]ourt hears of any statements from either party, the [c]ourt will stop the proceedings, convene a sidebar and make it clear that this is going beyond what has been ordered by the [c]ourt in this Motion *in Limine*.

Oral Argument, 4/28/16, at 33. Following argument, the jury selection process began; however, on April 29, 2016, the trial in the within matter was cancelled following Appellant's request for a continuance due to medical issues and was rescheduled for July 21, 2016.

Appellant filed an appeal with this Court *pro se* on May 26, 2016, and in her brief she presents what she titles "Concise Statement" as her Statement of Question Presented, which we reproduce herein *verbatim*:

> The court erred and abused its discretion by denying Appellant's Motion In Limine seeking to preclude opposing Counsel, and/or through any witness/Assignee/Debt Collector, from disclosing Appellant's attorney-client protected, confidential, and privileged information at a trial which would not only violate the Pa. Rules

*(Footnote Continued)* ───────────

or health status. Appellant filed an appeal with this Court which we quashed in a *Per Curiam* Order entered on June 24, 2016. In doing so, we observed that, in general pre-trial discovery orders are interlocutory and not appealable, and that the April 25, 2016, Order did not satisfy all of the prongs of Pa.R.A.P. 313, the collateral order doctrine. ***Id***. (citations omitted).

of Professional conduct 1.6 and violate Appellant's rights to deeply rooted broad public policy, but whereby disclosures can undermine, compromise, and/or jeopardize Appellant's unsettled, on-going, and/or future claims.

Brief for Appellant at 4.

As a prefatory matter, we consider whether the May 5, 2016, Order is appealable. "[S]ince we lack jurisdiction over an unappealable order it is incumbent on us to determine, *sua sponte* when necessary, whether the appeal is taken from an appealable order." **Kulp v. Hrivnak**, 765 A.2d 796, 798 (Pa.Super. 2000) (citation omitted). Our Supreme Court has elucidated the requirements an order must meet to qualify as an appealable collateral order.

> With limited exceptions, Pennsylvania law permits only appeals from final orders. **See** Pa.R.A.P. 341 ("[A]n appeal may be taken as of right from any final order."). Final orders are those that dispose of all claims and all parties, are explicitly defined as final orders by statute, or are certified as final orders by the trial court or other reviewing body. However, Pennsylvania Rule of Appellate Procedure 313(b) permits a party to take an immediate appeal as of right from an otherwise unappealable interlocutory order if the order meets three requirements: (1) the order must be separable from, and collateral to, the main cause of action; (2) the right involved must be too important to be denied review; and (3) the question presented must be such that if review is postponed until after final judgment, the claim will be irreparably lost. Pa.R.A.P. 313(b). All three prongs of Rule 313(b) must be met before an order may be subject to a collateral appeal; otherwise, the appellate court lacks jurisdiction over the appeal.

**Commonwealth v. Harris**, 612 Pa. 576, 584, 32 A.3d 243, 248 (2011).

"Additionally, 'we construe the collateral order doctrine narrowly. In adopting a narrow construction, we endeavor to avoid piecemeal

- 4 -

determinations and the consequent protraction of litigation.'"
*Commonwealth v. Sabula*, 46 A.3d 1287, 1291 (Pa.Super. 2012) (quoting
*Rae v. Pennsylvania Funeral Directors Ass'n*, 602 Pa. 65, ____, 977
A.2d 1121, 1129 (2009)). *See also Melvin v. Doe*, 575 Pa. 264, 272, 836
A.2d 42, 46-47 (2003) (noting as a "specialized, practical application of the
general rule that only final orders are appealable as of right[,]" collateral
order doctrine must be interpreted narrowly "to prevent undue corrosion of
the final order rule."). "To that end, each prong of the collateral order
doctrine must be clearly present before an order may be considered
collateral." *Id.*[3]

In its Rule 1925(a) Opinion, the trial court posited that Appellant's
appeal is improper and should be quashed because its Order cannot be
classified as final, collateral, or interlocutory as a matter of right. The trial
court stressed that Appellant had not filed a petition for permission to appeal
and that the matter she seeks to appeal does not contain a controlling

---

[3] In a *Per Curiam* Order entered on July 21, 2016, this Court directed
Appellant to show cause within ten (10) days as to why this appeal should
not be quashed as having been taken from an order that is interlocutory and
not appealable. Appellant filed her "Answer/Rule to Show Cause to Deny
Quash and Proceed with Collateral Appeal" on July 29, 2016, and this Court
entered another *per curiam* order on September 26, 2016, discharging the
rule and permitting the appeal to proceed. In our Order we further advised
that the issue may be revisited by the merits panel and, therefore, the
parties should be prepared to address it in their appellate briefs or at the
time of oral argument.

question of law. **See** Trial Court Opinion, filed July 13, 2016, at 2-3 (unnumbered). Upon our review, we agree.

Appellant maintains the trial court's denial of her Motion *in Limine* stripped her of:

> her right to preclude Appellee, a 3[rd] party contracted Debt Collector/"Assignee" and/or Appellant's previous attorney, the "Creditor'/law firm, from disclosing Attorney-Client privileged, confidential, and protected information at the trial, and essentially placing unrepresented Appellant "out of court" by conducting a trial that not only omits Appellant from participating with her defenses, but tramples on Appellant's important right to protect previous attorney-client privileged information, work product, legal advice, and confidences shared and entrusted with her attorney.

Brief for Appellant at 6-7, 11.

In general, pre-trial discovery orders are not final. **See Robec , Inc. v. Poul**, 681 A.2d 809, 811 (Pa.Super. 1996) (in the absence of unusual circumstances, this Court will not review discovery orders prior to final judgment in main action). However,

> discovery orders involving privileged material are nevertheless appealable as collateral to the principal action pursuant to Pa.R.A.P. 313 . . . . Generally, discovery orders involving purportedly privileged material are appealable because if immediate appellate review is not granted, the disclosure of documents cannot be undone and subsequent appellate review would be rendered moot.

**Rhodes v. USAA Cas. Ins. Co.**, 21 A.3d 1253, 1258 (2011) (citations and quotation marks omitted).

While Appellant baldly maintains throughout her brief that Appellee seeks to exploit her by misusing and revealing privileged information and records, including legal advice protected by the attorney-client privilege, her claims are merely anticipatory and speculative. Appellant presents no facts to support these allegations, nor were any revealed during oral argument on April 28, 2016. To the contrary, Appellee indicated it has no intent to delve into privileged communications Appellant may have had with W&W and that such information can be redacted from otherwise relevant documents. In addition, the trial court clearly stated on the record it will not permit the introduction of such evidence at trial. N.T., 4/28/16, at 24-25, 27-28, 33.

Moreover, to the extent Appellant argues information like her identity, fee agreement with W&W and her legal bills constitute privileged, attorney-client information, we note our Supreme Court has stated that "not all information passed between client and attorney is privileged, but rather the privilege is limited to communications related to the legal advice sought by the client." In addition, the identities of clients generally are not protected by the attorney-client privilege. *Levy v. Senate of Pennsylvania*, 619 Pa. 586, 598, 65 A.3d 361, 368-69 (2013). The Court also has held that "disclosure of a fee arrangement between an attorney and client does not reveal a confidential communication." *Commonwealth v. Chmiel,* 585 Pa. 547, 599, 889 A.2d 501, 531-32 (2005) (plurality) (citations omitted).

While the focus of Appellant's arguments centers around general principles of law regarding the attorney-client privilege, she has failed to demonstrate that the issue she raises before us satisfied the collateral order doctrine and is vindicable only upon our immediate review. **See** Pa.R.A.P. 313 (order must be separable from and collateral to main cause of action, right involved too important to be denied review, irreparable loss of claim if review postponed until final judgment); **see also Melvin v. Doe**, 575 Pa. 264, 272, 836 A.2d 42, 47 (2003) ("each prong of the collateral order doctrine must be clearly present before an order may be considered collateral"). As the Order at issue is neither final, appealable as of right, nor collateral, we are without jurisdiction to address Appellant's claims, and we must quash the appeal as interlocutory.

Appeal quashed. Jurisdiction relinquished.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 4/17/2017

- 8 -