J-S14030-17

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | |
|---|---|
| COMMONWEALTH OF PENNSYLVANIA, | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| Appellee | |
| v. | |
| SHAWN CARMICHAEL, | |
| Appellant | No. 1254 MDA 2016 |

Appeal from the PCRA Order March 28, 2016
In the Court of Common Pleas of York County
Criminal Division at No(s): CP-67-CR-0005114-2012

BEFORE:  GANTMAN, P.J., SHOGAN and STRASSBURGER,[*] JJ.

MEMORANDUM BY SHOGAN, J.: **FILED MAY 11, 2017**

Appellant, Shawn Carmichael, appeals *pro se* from the order denying his petition filed pursuant to the Post Conviction Relief Act ("PCRA"), 42 Pa.C.S. §§ 9541-9546.  We remand with instructions and retain jurisdiction.

We summarize the procedural history of this matter as follows.  On August 6, 2012, the Commonwealth filed a criminal information charging Appellant with criminal attempt to commit first degree murder, aggravated assault, person not to possess a firearm, discharge of a firearm into an occupied structure, recklessly endangering another person ("REAP"), and

_____

[*] Retired Senior Judge assigned to the Superior Court.

resisting arrest.[1]  On October 11, 2013, a jury found Appellant guilty of the crimes of person not to possess a firearm, aggravated assault, REAP, and resisting arrest.  On November 18, 2013, the trial court sentenced Appellant to serve an aggregate term of incarceration of ninety-three to 186 months. Appellant filed timely post-sentence motions, which the trial court denied following a hearing.  Appellant then filed a timely appeal, and this Court affirmed  Appellant's  judgment  of  sentence  on  November  5,  2014. **Commonwealth v. Carmichael**, 113 A.3d 340, 372 MDA 2014 (Pa. Super. filed November 5, 2014) (unpublished memorandum).  Appellant did not file a petition for allowance of appeal with the Pennsylvania Supreme Court.

On December 18, 2014, Appellant filed, *pro se*, the instant PCRA petition.  On September 28, 2015, the PCRA court appointed counsel to represent Appellant and scheduled a hearing for December 2, 2015.  Counsel then  filed  a  petition  to  withdraw  and  a  no–merit  letter  pursuant  to **Turner/Finley**.[2]  On January 20, 2016, the trial court filed an order granting  counsel  permission  to  withdraw  based  upon  a  finding  of  a breakdown  in  the  attorney-client  relationship.   The  order  of  January  20, 2016, indicated that the PCRA court found one issue of arguable merit and

---

[1] 18 Pa.C.S. §§ 901, 2702, 6105, 2707.1, 2705, and 5104, respectively.

[2] **Commonwealth v. Turner**, 544 A.2d 927 (Pa. 1988); **Commonwealth v. Finley**, 550 A.2d 213 (Pa. Super. 1988) (*en banc*).

appointed new counsel to represent Appellant at a PCRA hearing to be held on March 28, 2016.

In an order dated March 28, 2016, and filed on April 18, 2016, the PCRA court found that Appellant's remaining issue was without merit. This timely appeal followed.[3] Both Appellant and the PCRA court have complied with Pa.R.A.P. 1925.[4]

Appellant presents the following issues for our review:

_____

[3] We note that the trial court's docket indicates Appellant's notice of appeal was filed on May 24, 2016, which is beyond the thirty-day appeal period. **See** Pa.R.A.P. 903 (setting forth thirty-day period in which to timely file appeal). Consequently, on October 3, 2016, this Court entered an order directing Appellant to show cause why his appeal should not be quashed as untimely filed. Appellant, who is incarcerated, has responded to the rule to show cause indicating that he timely filed his notice of appeal on May 18, 2016, when he placed his notice of appeal in the institutional mailbox. Thus, Appellant has employed the prisoner mailbox rule. **See Commonwealth v. Wilson**, 911 A.2d 942, 944 (Pa. Super. 2006) (recognizing that under the "prisoner mailbox rule," a document is deemed filed when placed in the hands of prison authorities for mailing). Under that rule, "we are inclined to accept any reasonably verifiable evidence of the date that the prisoner deposits the appeal with the prison authorities. . . ." **Commonwealth v. Perez**, 799 A.2d 848, 851 (Pa. Super. 2002) (quoting **Commonwealth v. Jones**, 700 A.2d 423, 426 (Pa. 1997)). We observe that Appellant has appended to his response a cash slip from the Department of Corrections. The cash slip is dated May 18, 2016, and is addressed to the York County Judicial Center. In addition, our review of the certified record reflects that Appellant's notice of appeal and certificate of service are dated May 16, 2016. Accordingly, we conclude that, pursuant to the prisoner mailbox rule, Appellant timely filed his notice of appeal.

[4] On July 27, 2016, PCRA counsel filed a motion to withdraw, relying upon previous PCRA counsel's no-merit letter. The PCRA court granted counsel's request to withdraw on July 29, 2016.

I. WHETHER THE PRESENT APPEAL SHOULD BE QUASHED BASED ON APPELLANT'S FAILURE TO FILE A NOTICE OF APPEAL FOLLOWING THE ENTRY OF THE PCRA COURT'S JANUARY 14, 2016 ORDER DISMISSING SOME BUT, NOT ALL OF HIS CLAIMS FOR PCRA RELIEF?

II. WHETHER THE PCRA COURT'S FINDING THAT THERE IS NO MERIT TO APPELLANT'S CLAIMS FOR PCRA RELIEF IS SUPPORTED BY THE RECORD?

Appellant's Brief at 4.

When reviewing the propriety of an order denying PCRA relief, we consider the record "in the light most favorable to the prevailing party at the PCRA level." *Commonwealth v. Stultz*, 114 A.3d 865, 872 (Pa. Super. 2015) (quoting *Commonwealth v. Henkel*, 90 A.3d 16, 20 (Pa. Super. 2014) (*en banc*)).  This Court is limited to determining whether the evidence of record supports the conclusions of the PCRA court and whether the ruling is free of legal error.  *Commonwealth v. Rykard*, 55 A.3d 1177, 1183 (Pa. Super. 2012).  We grant great deference to the PCRA court's findings that are supported in the record and will not disturb them unless they have no support in the certified record.  *Commonwealth v. Rigg*, 84 A.3d 1080, 1084 (Pa. Super. 2014).

Appellant first argues that his appeal should not be quashed, as suggested by the PCRA court.  Appellant's Brief at 12-14.  Specifically, Appellant contends the PCRA court's allegation his appeal is untimely because Appellant appealed from the order of January 20, 2016, lacks merit.  *Id*.  We agree.

Initially, we observe that this issue was not raised in Appellant's Pa.R.A.P. 1925(b) statement. Ordinarily, we would be constrained to conclude that this argument is waived for purposes of appellate review. **See Commonwealth v. Lord**, 719 A.2d 306, 308 (Pa. 1998) (holding that where a trial court directs a defendant to file a concise statement pursuant to Pa.R.A.P. 1925, any issues not raised in that statement shall be waived). **See also Commonwealth v. Oliver**, 946 A.2d 1111, 1115 (Pa. Super. 2008) (noting that **Lord** "requires a finding of waiver whenever an appellant fails to raise an issue in a court-ordered Pa.R.A.P. 1925(b) statement"). However, because the timeliness of an appeal implicates our jurisdiction, we are compelled to consider whether this appeal is timely. **See** Pa.R.A.P. 903(a) (establishing general rule that appeal must be filed within thirty days of entry of order); **Commonwealth v. Green**, 862 A.2d 613, 615 (Pa. Super. 2004) (noting that timeliness of appeal implicates jurisdiction and may be raised *sua sponte*).

As a general rule, an appeal can be taken only from a final order. Pa.R.A.P. 341. Rule 341 is fundamental to the exercise of jurisdiction by this Court and is rigorously applied. **Brickman Group, Ltd. v. CGU Ins. Co.**, 829 A.2d 1160, 1164 (Pa. Super. 2003).

Rule 341 provides, in relevant part, as follows:

**Rule 341. Final Orders; Generally**

- 5 -

**(a)  General rule.**  Except as prescribed in paragraphs (d) and (e) of this rule, an appeal may be taken as of right from any final order of an administrative agency or lower court.

**(b)  Definition of final order.**  A final order is any order that:

(1)  **disposes of all claims and of all parties**; or

(2)  RESCINDED

(3)  is entered as a final order pursuant to subdivision (c) of this rule.

**(c)  Determination of finality.**  When more than one claim for relief is presented in an action, whether as a claim, counterclaim, cross-claim, or third-party claim or when multiple parties are involved, **the trial court or other governmental unit may enter a final order as to one or more but fewer than all of the claims and parties only upon an express determination that an immediate appeal would facilitate resolution of the entire case.  Such an order becomes appealable when entered.  In the absence of such a determination and entry of a final order, any order or other form of decision that adjudicates fewer than all the claims and parties shall not constitute a final order**. . . .

Pa.R.A.P. 341 (emphases added).  As set forth above, Rule 341 instructs that "[a]ny order or other form of decision that adjudicates fewer than all claims and all parties does not constitute a final order."  ***Kovalchick v. B.J.'s Wholesale Club***, 774 A.2d 776, 777 (Pa. Super. 2001) (citing Pa.R.A.P. 341).

Here, the record reflects the following.  Appellant filed the instant PCRA petition on December 18, 2014.  On September 28, 2015, the PCRA court appointed PCRA counsel and scheduled a hearing for December 2, 2015.  Counsel then filed a petition to withdraw and a no–merit letter

- 6 -

pursuant to **Turner/Finley**. On December 2, 2015, the PCRA court held the hearing, and on January 20, 2016, filed an order granting counsel permission to withdraw based upon a finding of a breakdown in the attorney-client relationship. The order of January 20, 2016, indicated that the PCRA court found one issue of arguable merit and appointed new counsel to represent Appellant at a PCRA hearing to be held on March 28, 2016.

As previously noted, the PCRA court's order of January 20, 2016, stated the following, in relevant part:

> This Court finds one issue of arguable merit raised by [Appellant]. Specifically, whether direct appeal counsel was ineffective for failing to brief adequately, and thereby causing to be waived, [Appellant's] claims that the verdict of guilty was against the weight and sufficiency of the evidence.
>
> **A hearing shall be held on this *sole issue* on March 28, 2016**, . . . . This Court finds no arguable merit in [Appellant's] remaining claims, and they are hereby DISMISSED.

Order, 1/20/16, at 1-2 (emphasis in original).

The PCRA court held a hearing, as scheduled, on March 28, 2016. N.T., 3/28/16, at 1-14. In an order dated March 28, 2016, and filed on April 18, 2016, the PCRA court determined that Appellant's sole remaining issue relating to ineffective assistance of counsel for failing to properly argue Appellant's challenges to the weight and sufficiency of the evidence on appeal was without merit. Specifically, the PCRA court's order stated the following:

> In this case, newly-appointed counsel, Attorney Smith, as well as the Commonwealth, maintain that the weight and

sufficiency argument raised by [Appellant] is without merit. The [c]ourt did painstakingly review the trial transcripts in this case, and we find further, by virtue of [the trial judge's] review of the record and the facts of the case at the time of the post-sentencing motions, that the weight and sufficiency arguments were adequately addressed; and therefore, we dismiss that claim raised by [Appellant] as well, **which ultimately disposes of all claims raised by [Appellant's] PCRA petition.**

Order, 4/18/16, at 2 (emphasis added). Appellant then filed this appeal from the order entered on April 18, 2016.

In its Pa.R.A.P. 1925(a) opinion, the PCRA court did not address the issues presented by Appellant in his Pa.R.A.P. 1925(b) statement. Rather the PCRA court addressed the timeliness of this appeal. Specifically, the PCRA court stated the following:

AND NOW, this 1st day of September 2016, upon receipt of a notice that an appeal has been filed in this matter, and in consideration of the Concise Statement of Matters Complained Of on Appeal filed by [Appellant], the undersigned states the issues raised by [Appellant] are untimely.

[Appellant's] 1925(b) complains of issues that were dismissed pursuant to an Order signed by this Court on January 14, 2016[, and filed on January 20, 2016]. This Court found no arguable merit in [Appellant's] claims. [Appellant] had the right to appeal the Order of Dismissal and file a notice of appeal within thirty (30) days after entry of the Order, however he failed to do so.

Therefore, this Court requests the Superior Court to dismiss or strike Appellant's appeal.

PCRA Court Opinion, 9/1/16, at 1-2. We disagree with the PCRA court's assessment.

- 8 -

Because the order filed on January 20, 2016, failed to dispose of all claims and of all parties necessary to make it a final order pursuant to Pa.R.A.P. 341(b)(1), and because no determination of finality was made at that time as required by Pa.R.A.P. 341(c), no final order existed from which Appellant could have taken an appeal. Rather, as the PCRA court's April 18, 2016 order explains, all claims raised in Appellant's PCRA petition were not finally disposed of until the PCRA court entered its order on April 18, 2016. We are, thus, constrained to conclude that if Appellant attempted to appeal from the order of January 20, 2016, said appeal would have been quashed as the order appealed from was not final. Accordingly, Appellant was correct in waiting to file an appeal until the PCRA court addressed the merits of the final issue and entered its order on April 18, 2016, "which ultimately dispose[d] of all claims raised by [Appellant's] PCRA petition." Order, 4/18/16, at 2. Hence, we conclude that the instant appeal is properly before this Court.

In his second issue, Appellant argues that the PCRA court erred in dismissing his PCRA petition. Appellant's Brief at 14-20. Specifically, Appellant contends that the PCRA court erred in finding that his various claims of ineffective assistance of counsel lacked merit.

Our review of the matter at this juncture is hampered due to the PCRA court's failure to fully comply with Pa.R.A.P. 1925(a). Rule 1925(a) states:

> Except as otherwise prescribed by this rule, upon receipt of the notice of appeal, the judge who entered the order giving rise to

- 9 -

> the notice of appeal, if the reasons for the order do not already appear of record, **shall forthwith file of record at least a brief opinion of the reasons for the order, or for the rulings or other errors complained of, or shall specify in writing the place in the record where such reasons may be found.**

Pa.R.A.P. 1925(a) (emphasis added).  The purpose of this rule is to provide the appellate court with a statement of reasons for the order to permit effective and meaningful review of lower court decisions.  ***Commonwealth v. Benchoff***, 700 A.2d 1289, 1293 (Pa. Super. 1997).  "The absence of a trial court opinion poses a substantial impediment to meaningful and effective appellate review. . . .  Rule 1925 is thus a crucial component of the appellate process."  ***Lord***, 719 at 308.  ***See also Commonwealth v. Kinsel***, 588 A.2d 34 (Pa. Super. 1991) (remanding to trial court for preparation of opinion pursuant to Pa.R.A.P. 1925(a)).

Instantly, our ability to conduct meaningful review of the ineffective assistance of counsel issues on appeal is hampered by the nature of the PCRA court's opinion, which addressed only the timeliness of the appeal and failed to address the issues presented by Appellant in his Pa.R.A.P. 1925(b) statement.  Because we do not have the benefit of a Pa.R.A.P. 1925(a) opinion addressing Appellant's claims of error, we remand this matter to the PCRA court with the directive to write an additional Pa.R.A.P. 1925(a) opinion.  Said opinion should illuminate the reasons the PCRA court determined Appellant's PCRA claims lacked merit and the basis for dismissal of Appellant's PCRA petition.  The PCRA court is instructed to comply with

this directive within thirty days from the filing of this memorandum. Panel jurisdiction is retained.

Case remanded for preparation of a Pa.R.A.P. 1925(a) opinion. Panel jurisdiction retained.