J-S64021-17

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | |
|---|---|
| COMMONWEALTH OF PENNSYLVANIA, | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| Appellee | |
| v. | |
| CLARENCE L. HAMILTON, | |
| Appellant | No. 89 MDA 2017 |

Appeal from the Judgment of Sentence December 5, 2016
In the Court of Common Pleas of Dauphin County
Criminal Division at No(s): CP-22-CR-0000304-2016

BEFORE:  PANELLA, SHOGAN, and FITZGERALD,[*] JJ.

MEMORANDUM BY SHOGAN, J.:               **FILED OCTOBER 12, 2017**

Appellant, Clarence L. Hamilton, appeals from the judgment of sentence entered following his conviction of indecent assault.[1]  We remand with instructions and retain jurisdiction.

We summarize the procedural history of this matter as follows.  On December 27, 2014, the adult female victim was spending the night on the living room floor of Appellant's home in order for Appellant's daughter to drive the victim to work in the morning.  The victim claimed that, during the course of the night, Appellant woke her by inappropriately touching her with his erect penis.  Appellant was charged with indecent assault.

_____

[*] Former Justice specially assigned to the Superior Court.

[1] 18 Pa.C.S. § 3126.

On August 26, 2016, a jury convicted Appellant of the crime stated above. On December 5, 2016, the trial court sentenced Appellant to serve a term of incarceration of six to twenty-three months. Appellant filed a post-sentence motion on December 7, 2016, which sought to modify Appellant's sentence. On December 15, 2016, Appellant filed a supplemental post-sentence motion arguing that the verdict was against the weight of the evidence. On December 27, 2016, the trial court entered an order denying Appellant's motion to modify his sentence. The trial court entered an order on December 29, 2016, which denied Appellant's supplemental post-sentence motion challenging the weight of the evidence. This timely appeal followed.

On January 20, 2017, the trial court entered an order directing Appellant to file, within twenty-one days, a statement pursuant to Pa.R.A.P. 1295(b). On February 10, 2017, Appellant complied with the trial court's directive and filed a Pa.R.A.P. 1925(b) statement listing the sole issue on appeal as a challenge to the weight of the evidence. Pursuant to Pa.R.A.P. 1925(a), the trial court filed a statement in lieu of opinion on February 27, 2017. In its Pa.R.A.P. 1925(a) statement, the trial court indicated that Appellant's issue was waived because the trial transcripts were not part of the certified record. On March 1, 2017, Appellant filed a motion for transcripts. On March 13, 2017, the Court Reporter of Dauphin County filed a lodging notice indicating that the transcripts in this matter would be

certified and filed within five days in accordance with Pa.R.A.P. 1922(a). The transcripts are currently part of the supplemental certified record before us on appeal.

Appellant presents the following issue for our review:

I. WHETHER THE TRIAL COURT ERRED WHEN IT DENIED APPELLANT'S POST-SENTENCE MOTION BECAUSE THE VERDICT WAS SO CONTRARY TO THE WEIGHT OF THE EVIDENCE AS TO SHOCK ONE'S SENSE OF JUSTICE?

Appellant's Brief at 5 (underlining omitted).

In his sole issue, Appellant argues that the verdict was against the weight of the evidence. Appellant's Brief at 11-13. Essentially, Appellant contends that the Commonwealth failed to prove that Appellant's version of events was not plausible. *Id*. at 12.

In *Commonwealth v. Clay*, 64 A.3d 1049 (Pa. 2013), our Supreme Court set forth the following standards to be employed in addressing challenges to the weight of the evidence:

A motion for a new trial based on a claim that the verdict is against the weight of the evidence is addressed to the discretion of the trial court. *Commonwealth v. Widmer*, 560 Pa. 308, 319, 744 A.2d 745, 751-[7]52 (2000); *Commonwealth v. Brown*, 538 Pa. 410, 435, 648 A.2d 1177, 1189 (1994). A new trial should not be granted because of a mere conflict in the testimony or because the judge on the same facts would have arrived at a different conclusion. *Widmer*, 560 A.2d at 319-[3]20, 744 A.2d at 752. Rather, "the role of the trial judge is to determine that 'notwithstanding all the facts, certain facts are so clearly of greater weight that to ignore them or to give them equal weight with all the facts is to deny justice.'" *Id*. at 320, 744 A.2d at 752 (citation omitted). It has often been stated that "a new trial should be awarded when the jury's verdict is so contrary to the evidence as to shock one's

- 3 -

sense of justice and the award of a new trial is imperative so that right may be given another opportunity to prevail." **Brown**, 538 Pa. at 435, 648 A.2d at 1189.

An appellate court's standard of review when presented with a weight of the evidence claim is distinct from the standard of review applied by the trial court:

> Appellate review of a weight claim *is a review of the exercise of discretion, not of the underlying question of whether the verdict is against the weight of the evidence.* **Brown**, 648 A.2d at 1189. Because the trial judge has had the opportunity to hear and see the evidence presented, an appellate court will give the gravest consideration to the findings and reasons advanced by the trial judge when reviewing a trial court's determination that the verdict is against the weight of the evidence. **Commonwealth v. Farquharson**, 467 Pa. 50, 354 A.2d 545 (Pa. 1976). One of the least assailable reasons for granting or denying a new trial is the lower court's conviction that the verdict was or was not against the weight of the evidence and that a new trial should be granted in the interest of justice.

**Widmer**, 560 Pa. at 321-[3]22, 744 A.2d at 753 (emphasis added).

This does not mean that the exercise of discretion by the trial court in granting or denying a motion for a new trial based on a challenge to the weight of the evidence is unfettered. In describing the limits of a trial court's discretion, we have explained:

> The term "discretion" imports the exercise of judgment, wisdom and skill so as to reach a dispassionate conclusion within the framework of the law, and is not exercised for the purpose of giving effect to the will of the judge. Discretion must be exercised on the foundation of reason, as opposed to prejudice, personal motivations, caprice or arbitrary actions. Discretion is abused where the course pursued represents not merely an error of judgment, but where the judgment is manifestly unreasonable

- 4 -

> or where the law is not applied or where the record shows that the action is a result of partiality, prejudice, bias or ill-will.
>
> **Widmer**, 560 A.2d at 322, 744 A.2d at 753 (quoting **Coker v. S.M. Flickinger Co.**, 533 Pa. 441, 447, 625 A.2d 1181, 1184-[11]85 (1993)).

**Clay**, 64 A.3d at 1054-1055. "Thus, the trial court's denial of a motion for a new trial based on a weight of the evidence claim is the least assailable of its rulings." **Commonwealth v. Diggs**, 949 A.2d 873, 879-880 (Pa. 2008).

Our review of the matter at this juncture is hampered due to the trial court's failure to fully comply with Pa.R.A.P. 1925(a). Rule 1925(a) states:

> Except as otherwise prescribed by this rule, upon receipt of the notice of appeal, the judge who entered the order giving rise to the notice of appeal, if the reasons for the order do not already appear of record, **shall forthwith file of record at least a brief opinion of the reasons for the order, or for the rulings or other errors complained of, or shall specify in writing the place in the record where such reasons may be found.**

Pa.R.A.P. 1925(a) (emphasis added). The purpose of this rule is to provide the appellate court with a statement of reasons for the order to permit effective and meaningful review of lower court decisions. **Commonwealth v. Benchoff**, 700 A.2d 1289, 1293 (Pa. Super. 1997). "The absence of a trial court opinion poses a substantial impediment to meaningful and effective appellate review. . . . Rule 1925 is thus a crucial component of the appellate process." **Commonwealth v. Lord**, 719 A.2d 306, 308 (Pa. 1998). **See also Commonwealth v. Kinsel**, 588 A.2d 34 (Pa. Super.

1991) (remanding to trial court for preparation of opinion pursuant to Pa.R.A.P. 1925(a)).

Instantly, our ability to conduct meaningful review of the trial court's determination of Appellant's challenge to the weight of the evidence on appeal is impeded by the nature of the trial court's opinion, which addressed only the fact that the notes of testimony were not part of the certified record at the time of preparation of the Pa.R.A.P. 1925(a) opinion. Because we do not have the benefit of a Rule 1925(a) opinion addressing the claim that the trial court erred in denying Appellant's post-sentence motion challenging the weight of the evidence, we remand this matter to the trial court with the directive to write an additional Pa.R.A.P. 1925(a) opinion. We direct the trial court to set forth the reasons it determined Appellant's weight of the evidence claim lacked merit and the basis for denying Appellant's post-sentence motion. The trial court is instructed to comply with this directive within thirty days from the filing of this memorandum. Panel jurisdiction is retained.

Case remanded for preparation of a Pa.R.A.P. 1925(a) opinion. Panel jurisdiction retained.